HESS & SKINNER ENGINEERING COMPANY v. M. M. TURNEY ET AL.

No. 3047. Decided May 22, 1918.

1.—Practice—Trial by Court—Exceptions. ·

The judgment of the court, on trial without a jury, having been excepted to, it was not necessary that, exceptions be also taken to the conclusions of law and fact in order to secure their review on· appeal under due assignments of error. (P. 209.)

2.—Same—Motion for New Trial—Assignment of Error.

Article 1612, Revised Statutes, as amended by the Act of April 4, 1913 (Laws, 33d Leg., ch. 136, p. 276), in making the motion for new trial serve the appellant as an assignment of errors, was passed for the benefit of appellant and to lessen the labor and expense of appeal. It was not mandatory, but permissive, and provided an alternative mode of assigning errors, not an exclusive one. (Pp. 209-211.)

3.—Same—Findings.

The judgment of the court on trial without a jury having been excepted to, errors in the court's findings of law and fact presented by due assignments of error, are subject to review on appeal, though same, as presented in appellant's motion for new trial, were insufficient, because of their generality, to constitute assignments of error. (Pp. 209, 211.)

4.—Same—Statutory Construction. ·

The emergency clause of a statute is considered as throwing light on its purpose and construction. (P. 209.)

5.—Same.

In the construction of a statute the word "shall" is sometimes to be taken as permissive merely and equivalent to may, where the intent gathered from the entire Act shows that such was the meaning. See example. (Pp: 210, 211.),

6.—Motion for New Trial.

In matters upon which a motion for new trial is required to be filed in order to secure review on appeal, those not included in such motion are waived and can not subsequently be assigned as error. But on trial before the court without a jury no such motion is necessary to an appeal and assignments of ·error need not be related to it. (P. 211.)

7.—Rules of Court.

Rule 101a of the Supreme Court, being substantially in the language of amended article 1612, Revised Statutes, is to receive the same construction here given to that Act. (P. 211.)

Questions certified from the Court of Civil Appeals for the Third District, in an appeal from Bastrop County. ·

*A. B. Wilson,* for appellant, cited: Goodman v. Peck, 192 S. W., 785; St. Louis S. W. Ry. Co. of Texas v. Miller & White, 176 S. W., 830; Connell v. Nickey, 167 S. W., 313.

*Page & Jones, Duncan & Burleson, Maynard & Maynard, S. L. Staples,* and *N. A. Rector,* for appellees Turney et al., cited: Wright v. Wright, 155 S. W., 1017; Salliway v. A. O. U. W., 164 S. W., 1041; Waldon v. Davis, 185 S. W., 1000; Acts 1913, p. 276.

*H. W. Fielder,* for appellee Vincennes Bridge Co.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

Summarized briefly, the question here certified by the Court of Civil Appeals is this:

Where there is a trial before the court without a jury, resulting adversely to an appellant who filed a formal motion for a new trial insufficient as an assignment of error because of its generality is he entitled upon his appeal to have considered formal assignments of error thereafter filed and duly incorporated in the record and in form sufficient to challenge the trial court's conclusions of law and fact, an exception having been duly reserved to the judgment overruling the motion for a new trial, but none having been taken to the conclusions of law and fact?

The judgment of the court having been excepted to, it was not necessary that exception be also taken to the conclusions of law and fact to secure their review on appeal under due assignments of error. Voight v. Mackle, 71 Texas, 78, 8 S. W., 623; Thompson v. State, 23 Texas Civ. App., 370, 56 S. W., 603; Bond v. Garrison, 59 Texas Civ. App., 620, 127 S. W., 839.

We hold it is the appellant's right to have his assignments of error considered. The question turns upon the proper construction of article 1612 of the Revised Statutes as amended by the Act of the Thirty-third Legislature, chapter 136, Acts of 1913. The amended article reads:

"The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies before he takes the transcript of record from the clerk's office; provided, that where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments, and provided further, that all errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of."

The emergency clause of the Act throws distinct light upon its purpose, and we, therefore, also set it out as follows:

"The near approach of the end of the session and the fact that the practice of repeating the assignments contained in the motion for new trial in assignments of error specifying the same grounds increases the expenses of litigation and adds to the labor of the appellate courts and that there is no law permitting the appellant to reply upon the errors assigned in his motion for new trial without filing an assignment of error, creates an emergency requiring that the constitutional rule requiring bills to be read upon three several days," etc.

Prior to the passage of the Act the assignments of error—a prerequisite of the appeal—were in general, where a motion for a new trial was filed, but a repetition of the motion. The requirement that formal as-

signments of error be filed in addition to the motion for a new trial thus entailed in most instances double labor for the same purpose at the hands of the appellant's counsel, besides unnecessary expense in the preparation of the record. The Act was passed to relieve against that condition. Its object was to allow an appellant so desiring to make use of the specifications in his motion for a new trial as his assignments of error. Its intention was to lessen both the labor and expense of the appeal. Its design was for the appellant's benefit and in his interest. This is revealed by the clause in the body of the Act providing that the assignments in the motion "need not be repeated by the filing of assignments of error," and that. in the emergency clause declaring as the reasons for the Act being put into immediate effect, the increase in the expense of litigation and addition to the labors of the appellate courts caused by the former practice, and the absence of any law "permitting the appellant to rely upon the errors assigned in his motion for a new trial without filing assignments of error."

With this true, it is a technical construction of the Act to say that its intent was not *"to permit"* the appellant to rely upon his motion for a new trial as embodying his assignments of error, but *to require* that he do so in every instance where such a motion is filed. If the Act was intended to express a mandatory requirement, why was the provision that the assignments in the motion shall constitute the assignments of error, followed immediately by a declaration that they "need not be repeated" by the filing of assignments of error? This is language alien to a mandatory statutory provision. It signifies as clearly as words may that that which is declared as simply unnecessary is not forbidden, but is permissible. In a statute dealing with a method to be pursued for a particular purpose, it can only mean, not that an exclusive mode is provided, but an alternative one.

That the word "shall," ordinarily a peremptory term, is employed in the clause providing that the assignments in the motion, where filed, "shall constitute the assignments of error," is not conclusive as disclosing the intent of the Act. The intent of a law is the essence of the law, and it is to be gained from the entire context. The words "may" and "shall" are not infrequently used interchangeably in legislative acts. They are to be given that meaning which will best express the legislative intent. In instances of the employment of the term "shall" where no right or benefit depends upon its imperative use, it may be held as merely directory and as having been used in the sense of "may." Sutherland on Statutory Construction, sec. 640. This established rule has direct application here. The benefit intended by this Act was for the appellant,—to provide a mode for the presentation of his assignments of error. It can not be said that this benefit will accrue to him under the Act only by giving the word "shall" a mandatory construction. Construing it in a permissive instead of an imperative sense will still leave the appellant fully invested with the privilege of presenting his assignments by an adequate method, recognized by the Act itself, and

having them considered by the appellate courts. His rights will be as effectually conserved by the former construction as by the latter. They do not depend, therefore, upon an imperative use of the term.

This construction enables the Act to accomplish its full purpose and truly expresses what we think the Legislature intended. We decline to attribute to it a purpose to fasten further technical requirements upon the mode of appeal. It would be highly technical to confine an appellant for his assignments of error to the exact language of his motion for a new trial. This, in our view, is not what the Legislature had in mind. It intended, we think, to permit him to use his motion for that purpose if he desired, but not to deny him the right of filing formal assignments if he preferred to adopt that course.

In cases where a motion for a new trial is required to be filed, errors complained of in the assignments of error which are required to be set forth in the motion for a new trial and are not there set forth, will be considered as waived under rule 24. Our construction of the Act does not interfere with the accomplishment of the useful object of the motion for a new trial intended by that rule. In this case, the trial having been before the court without a jury, the appellant was entitled to appeal without filing a motion for a new trial (Craver v. Greer, 107 Texas, 356, 179 S. W., 862), and it was hence unnecessary that his assignments of error be related to his motion.

Rule 101a, adopted by the court June 25, 1913, after the passage of the Act here reviewed, is in substantially the language of the Act. The construction of the Act had not then been determined by the court, and in preparing the rule its language was followed. The same construction is to be given the rule as we here give to the Act.