## BARKLEY et al. v. GIBBS et al.
### (No. 178–3207.)

(Commission of Appeals of Texas, Section B. Feb. 23, 1921.)

**1. Appeal and error ⚖️722(1)—Appellant may file assignments of error independent of motion for new trial.**

Under Rev. St. art. 1612, as amended by Laws 1913, c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), appellant may file assignments of error independent of and subsequent to the motion for a new trial, where those assignments identify and are in consonance with the errors raised in the motion.

**2. Appeal and error ⚖️722(1)—Assignments in motion for new trial need not be copied in brief, where otherwise identified.**

Assignments of error contained in the motion for new trial are not required to be copied in the brief, where subsequent assignments filed are copied and properly identify the paragraphs of the motion.

**3. Appeal and error ⚖️719(1) — Fundamental error need not be assigned.**

Fundamental error need not be assigned.

**4. Appeal and error ⚖️722(1) — Appellant may, but need not, adopt the assignments of his motion for a new trial.**

Under Rev. St. art. 1612, as amended by Laws, 1913, c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), an appellant may adopt the assignments of his motion for a new trial or not, as he chooses.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by R. W. Barkley and others against Mrs. S. E. Gibbs and others. Judgment for named defendant affirmed by Court of Civil Appeals (203 S. W. 161), and plaintiffs bring error. Judgment of Court of Civil Appeals reversed, and case remanded to that court.

R. J. Randolph, of Madisonville, and Cooper & Merrill and E. A. Berry, all of Houston, for plaintiffs in error.

Dean, Humphrey & Powell, of Huntsville, for defendants in error.

SADLER, P. J. This was a suit in trespass to try title for 216 acres of land in Leon and Madison counties.

Defendant Margaret Scales disclaimed, and defendant S. E. Gibbs brought in her vendors, Susie L. Brooks et vir, S. Y. Brooks, on their warranty. Issues were joined between plaintiffs in error and defendants Gibbs and Brooks under pleas of not guilty and five and ten years' limitation. The trial before a jury upon special issues resulted in a verdict upon which the court rendered judgment for defendants. Plaintiffs appealed, assigning errors raised in a motion for new trial and fundamental errors. The honorable Court of Civil Appeals refused to consider any of the assignments, and affirmed the judgment.

Assignments 1 to 5, inclusive, were refused consideration because in violation of article 1612, Rev. St. as amended by Laws 1913, c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), and court rule No. 29 (142 S. W. xii). The other assignments were refused consideration because they did not show fundamental error within themselves.

The appellant filed a motion for new trial, in which he pointed out five alleged errors of the trial court. These assignments as contained in the motion were very lengthy, containing reasons and arguments.

Afterwards, evidently thinking it necessary, independent assignments of error were filed in the trial court, covering in condensed form without argument the errors complained of in the motion, and identifying each assignment with that paragraph of the motion for a new trial wherein error was raised, and, in addition, containing assignments urging fundamental error.

In preparing their briefs appellants copied verbatim these assignments of error as they were filed subsequent to the motion, and showed the paragraph of the motion wherein the error was raised as to Nos. 1 to 5. The remaining assignments, 6 to 10, make no reference to the record, but purport to raise fundamental error.

. [1] In our opinion, article 1612, supra, should not be construed into a prohibition of the right to file assignments of error independent of and subsequent to the motion for a new trial, where those assignments thus filed identify and are in consonance with the errors raised in the motion.

It is quite true that, where a motion for new trial has been filed, the assignments therein contained meet the requirements of the statute. However, this does not prohibit the filing of "an assignment of errors" in the trial court presenting the same questions raised in the motion for new trial and identifying the paragraphs of the motion wherein each question is raised.

Nor do we think it subversive of the statute that the subsequently assigned errors are in condensed form, if they present the questions raised in the paragraphs of a motion upon which they are based.

. [2] Nor do we understand that the rules require the errors so assigned in the motion to be copied in the brief, where the subsequent assignments filed are copied and properly identify the paragraphs of a motion.

[3] As to fundamental error, it need not be assigned under the holdings in City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 518, and Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242. It should be considered if it is apparent on the face of the record.

Chief Justice Phillips has so clearly written upon this subject in Railway Co. v. Pem-

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

berton, 106 Tex. 463, 161 S. W. 2, 168 S. W. 126, that further discussion is unnecessary. We content ourselves with citing the Talerico Case, supra, Bomar v. West, 87 Tex. 299, 28 S. W. 519, and Railway v. Lee (Sup.) 221 S. W. 254.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the case be remanded to that court for further consideration.

KITTRELL, J., did not sit or participate in the consideration of this case.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals in this case is adopted, and will be entered as the judgment of the Supreme Court.

[4] We have expressly ruled in Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593, that under Article 1612 as amended by the Act of 1913, an appellant is entitled to have considered assignments of error filed independently of those specified in his motion for a new trial. He may adopt the assignments in his motion for a new trial or not, as he chooses.