## PHILLIPS PETROLEUM CO. v. BOOLES et ux. (No. 7123.)

(Court of Civil Appeals of Texas. San Antonio. March 26, 1924. Rehearing Denied May 7, 1924.)

**1. Appeal and error ⬅══722(1)—Assignments on appeal must present same questions passed on by trial court.**

Appellant may disregard the form and language of his motion for a new trial and rely on additional assignments of error as a basis of his appeal, but such assignments must present same questions for decision as were raised and passed on by trial court.

**2. Appeal and error ⬅══719(6) — Question of liability under contract held not to present fundamental error.**

The question whether defendant petroleum company was liable under its contract for manner in which it excavated and left slush pits on plaintiff's premises is determined by application of law to particular facts, and does not present a question of fundamental error reviewable in absence of proper assignment.

On Motion for Rehearing.

**3. Appeal and error ⬅══294(1)—Questions as to sufficiency of evidence must be raised by motion for new trial.**

Where a case is tried by jury, whether upon a general charge or special issues, all questions relating to sufficiency of evidence to support verdict must be raised in a motion for a new trial in the court below, and, if no such motion is filed, party aggrieved waives his right to thereafter raise such questions.

Appeal from District Court, Stephens County; W. R. Ely, Judge.

Action by J. P. Booles and wife against the Phillips Petroleum Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Hawkins, Hawkins & David, of Breckenridge, for appellant.

Levy & Evans, of Fort Worth, and John F. Evans, of Breckenridge, for appellees.

SMITH, J. This appeal is from a judgment rendered in favor of J. P. Booles and wife against the Phillips Petroleum Company, in response to answers of a jury upon special issues submitted to them by the trial court. No objections are urged in appellant's brief, either to the form of the special issues, or to the sufficiency of the evidence to support the answers of the jury thereto.

The jury found, and the court rendered judgment upon the findings, that the petroleum company, as lessee under an oil and gas lease, negligently razed and destroyed fences, dug and left slush pits, and scattered and left wire and other débris, on the premises of Booles, the lessor, thereby damaging him in amounts found by the jury, and not challenged by the company.

Appellant has brought forward into its brief only four assignments of error, in all of which is made in varying forms the single contention that as a matter of law, under the terms of its lease contract, in connection with the evidence, appellant, as lessee, was not bound either to fill up the slush pits on the leased premises, or to pay the cost of doing so. Neither of these assignments was embraced in the motion for new trial filed by appellant in the court below, but all of them were filed subsequent to the overruling of said motion. None of the grounds of the motion for new trial are brought forward into appellant's brief, or urged in this court, nor was the supposed error now presented to this court complained of in any form in the court below.

[1] It is true, as appellant contends, that an appellant may disregard the form and language of the grounds set out in his motion for new trial filed in the trial court, and file and rely upon additional or separate assignments of error as the basis of his appeal, and this is true even if the case is one tried with a jury and a motion for new trial is necessary. But in such case the additional assignments subsequently filed must present the same questions for decision here as were raised in the motion and passed on by the trial court, or, as was said by the Commission of Appeals, they must "identify" and be "in consonance with the errors raised in the motion" for new trial. Barkley v. Gibbs (Tex. Com. App.) 227 S. W. 1099.

Of course, the rule is different in cases tried before the court without a jury, because in such cases motions for new trial are not required to be filed, but, as was said by Chief Justice Phillips—

"In cases where a motion for new trial is required to be filed, errors complained of in the assignments of error, which are required to be set forth in the motion for a new trial and are not there set forth, will be considered as waived, under Rule 24." Hess, etc., v. Turney, 109 Tex. 208, 203 S. W. 593.

The precise language and form of the grounds in the motion need not be preserved in the assignments subsequently filed and presented on appeal, so long as such assignments present the identical question for determination. Appellant, by failing to bring forward into its brief any of the grounds set out in its motion for new trial, either by copying them as written, or by presenting in different form or language the same errors complained of in its motion, will be deemed

to have waived those errors; otherwise the whole purpose of motions for new trial will be defeated.

[2] Appellant undertakes to fall back upon the familiar contention that the question presented in the brief concerns or presents fundamental error, which must be considered, regardless of assignment. But there is no merit in this contention. The question of whether or not appellant was liable under its contract for the manner in which it excavated, used, and left the slush pits on appellees' premises, is one to be determined by the application of the law to the peculiar facts in the case, which facts should be, and so far as we know, were, properly resolved by the jury, whose findings thereon are not complained of by appellant on this appeal.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant insists that the rule is now established in this state that in causes tried by juries upon special issues, it is not necessary for a party complaining of the result to file a motion for new trial in order to be heard on appeal, and therefore, if error is committed in the trial court, he need not complain thereat in that court, but may just as effectually do so for the first time on appeal. In a somewhat general way we held to the contrary in the original opinion herein.

[3] We perhaps modify or restrict our holding in the original opinion, when we restate that holding to be that when a cause is tried by jury, whether upon a general charge or special issues, all questions relating to the sufficiency of the evidence to support the verdict must be raised in a motion for new trial in the court below so as to give that court an opportunity to correct any error thus disclosed; if no motion for new trial is filed, then the party aggrieved waives his right to thereafter raise such questions, and assignments of error subsequently filed, and challenging the sufficiency of the evidence, will not be considered on appeal.

Among some of the Courts of Civil Appeals the question seems to be enveloped in some confusion, but this confusion does not appear among the Supreme Court decisions upon the subject. The spirit of the law upon this point found early and apt expression in this state in an opinion by Mr. Justice Lipscomb, in Foster v. Smith, 1 Tex. 70, in which it was said that the verdict in that case "ought * * * to have been set aside, and no doubt would have been, on motion, in the court below. We will here take occasion to say, that according to what is believed to be the correct rule of practice, no judgment ought to be reversed in this court, merely on the ground that the verdict was not supported by the testimony, unless a motion had been made in the court where the verdict was rendered for a new trial, and overruled; and then the evidence, and the grounds on which the motion had been made, should be fully spread upon the record." That this is still the rule in our practice, even under existing statutes, is affirmed in the recent case of Craver v. Greer, 107 Tex. 356, 179 S. W. 862, in the opinion in which Chief Justice Phillips said that—

"Having in mind, as it must be assumed, the rule early announced in Foster v. Smith, 1 Tex. 69, *and constantly since adhered to* [italics ours], that in jury trials the grounds of complaint against the verdict must, in a motion for a new trial, be called to the attention of the trial court to entitle to revision upon appeal questions essentially involving the jury's action, it was held that in trials without a jury a different rule prevails; since there the judgment is wholly the act of the court itself, rendered upon a consideration of all phases of the evidence, and presenting a question of law, as to which—the judge having once ruled, and it not being presumable that he will change his ruling—there could be no reason for requiring a motion for a new trial."

The rule is further clarified and applied in the cases of Railway v. Pemberton, 106 Tex. 463, 161 S. W. 2, 168 S. W. 126; Hess v. Turney, 109 Tex. 208, 203 S. W. 593; Barkley v. Gibbs (Tex. Com. App.) 227 S. W. 1099; Scott v. Bank (Tex. Civ. App.) 66 S. W. 485; Smith v. Hessey, 63 Tex. Civ. App. 478, 134 S. W. 256; Hicks v. Armstrong (Tex. Civ. App.) 142 S. W. 1195; Robertson v. Kirby, 25 Tex. Civ. App. 472, 61 S. W. 967.

The motion for rehearing is overruled.