**PHILLIPS PETROLEUM CO. v. BOOLES et ux. (No. 535–4228.)**

(Commission of Appeals of Texas, Section B. Oct. 28, 1925.)

**1. Appeal and error ⬤⟹294(1)—Questions as to sufficiency of evidence to support verdict must be raised in motion for new trial.**

When cause is tried by jury, whether on general charge or special issues, all questions as to sufficiency of evidence to support verdict must be raised in motion for new trial in court below.

**2. Appeal and error ⬤⟹181, 281(1)—Appellant may present errors by motion for new trial or other assignments supplementing or displacing grounds of such motion.**

Under Rev. St. art. 1612, as amended by Acts 1913, c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), appellant may present errors in motion for new trial, or by other assignments duly filed in trial court supplementing or even displacing grounds of such motion, whether in jury or nonjury case, tried either on special issues or under general charge, but no error, not fundamental, in matter not called to trial court's attention in course of trial or by motion for new trial is ground for reversal.

**3. Appeal and error ⬤⟹854(2)—Correct judgment affirmed, though based on wrong ground.**

Correct judgment of Court of Civil Appeals should be affirmed, though based on wrong ground.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by J. P. Booles and wife against the Phillips Petroleum Company. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (261 S. W. 439), and defendant brings error. Affirmed.

Hawkins, Hawkins & David, of Breckenridge, for plaintiff in error.

Levy & Evans, of Fort Worth, and Jno. F. Evans, Jr., of Breckenridge, for defendants in error.

SPEER, J. By act of 1913, c. 136, article 1612 of the Revised Civil Statutes was amended (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612) to read as follows:

"The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of record from the clerk's office; provided, that where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error, and provided further, that all errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of."

After the amendment the Courts of Civil Appeals throughout the state most generally adopted a literal construction of the amendment, treating the motion for a new trial as the assignment of errors, and refusing to reverse for any error (not fundamental) that had not been presented to the trial court in the motion for new trial. The Supreme Court has several times construed this article since the amendment, but, notwithstanding these decisions, there yet appears to be some confusion in the decisions of the Courts of Civil Appeals, and the writ of error has been

granted in this case to review that apparent conflict of decision and to set at rest the question whether or not an appellant having filed a motion for new trial in the trial court is restricted on appeal to the errors specified in such motion.

[1] In this case the Court of Civil Appeals for the Fourth District refused to consider plaintiff in error's assignments of error, as appellant in that court, and affirmed the judgment of the trial court upon the ground that the assignments presented matters not complained of in the motion for new trial, but had been filed in the trial court as "additional assignments" of error to those embodied in the motion for new trial. Upon rehearing, however, the court modified its original opinion to the extent of holding that, "when a cause is tried by jury, whether upon a general charge or special issues, all questions relating to the sufficiency of the evidence to support the verdict must be raised in a motion for new trial in the court below so as to give that court an opportunity to correct any error thus disclosed." This undoubtedly announces a correct rule of practice, and upon this ground we are entirely justified in affirming the judgment of that court, since, as we interpret the assignments, they do present an attack upon the verdict for insufficiency of evidence to support the findings.

[2] However, in view of the existing conflict of decision upon a question of such vital importance in the practice, we think it not inappropriate further to discuss the rule with respect to assignments of error under the present amendment.

In Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593, the Supreme Court, through Chief Justice Phillips, reviewed the question quite thoroughly, and announced the conclusion that the apparently mandatory language of the amendment was in truth directory in the sense that it was intended to simplify and lessen both the labor and expense of an appeal by permitting the appellant to treat his motion for new trial, when filed, as an assignment of errors so as to avoid the necessity for repeating by filing formal assignments thereafter, and declined the strict interpretation, saying:

"It would be highly technical to confine an appellant for his assignments of error to the exact language of his motion for a new trial. This, in our view, is not what the Legislature had in mind. It intended, we think, to permit him to use his motion for that purpose if he desired, but not to deny him the right of filing formal assignments if he preferred to adopt that course."

In Barkley v. Gibbs, 227 S. W. 1099, the Commission of Appeals, Section B, held that an appellant may file assignments of error independent of, and subsequent to, the motion for a new trial, where those assignments identify and are in consonance with the errors raised in the motion. That holding—fitting the facts of that case—demanded a reversal of the judgment of the Court of Civil Appeals, but the Supreme Court, in adopting the judgment recommended, used this significant language:

"We have expressly ruled in Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593, that under article 1612 as amended by the act of 1913, an appellant is entitled to have considered assignments of error filed independently of these specified in his motion for a new trial. He may adopt the assignments in his motion for a new trial or not, as he chooses."

Harlan v. Acme, etc., Co., 231 S. W. 348, also by the same section of the Commission of Appeals, decides that it is not necessary for the assignments of error filed independently of the motion for new trial to be true copies of paragraphs of the motion. The Supreme Court expressly approved the holding of the Commission.

The Commission of Appeals, Section A, in Temple, etc., Co. v. Lindholm, 231 S. W. 321, likewise held that—

"It is settled that an appellant may adopt either the assignments of error set out in his motion, or the assignments, filed independently of those in the motion. Barkley et al. v. Gibbs et al. [Tex. Com. App.] 227 S. W. 1099."

The Supreme Court expressly approved this holding. The same section of the Commission of Appeals again held in Green v. Hall, 228 S. W. 183, that an assignment of error filed in the district court subsequent to the adjournment of the term substantially corresponding with a ground stated for new trial should be considered by the Court of Civil Appeals. So that it appears every holding upon the subject by the Supreme Court, without any degree of variableness, has demanded a liberal interpretation of the amended statute, and would appear to be sufficient to forever set at rest the contention that an appellant was in any wise limited in his assignments of error to the grounds urged in his motion for a new trial.

The confusion, however, has arisen apparently from an attempt to apply a different rule to nonjury and jury cases, and even to differentiate as to jury cases between those tried upon special issues and those tried under a general charge. There is nothing in any of the opinions by the Supreme Court to indicate that any such distinction should be drawn. On the contrary, logically, the rule is precisely the same with respect to assignments of error in both nonjury and jury cases and in jury trials, whether upon a general charge or special issues. The statute makes no distinction; nor does any Supreme Court decision attempt such distinction. On the contrary, Chief Justice Phillips in Hess & Skinner Engineering Co. v. Turney, supra, very aptly points out that this liberal con-

(276 S.W.)

struction of article 1612 does not interfere with the accomplishment of the useful object of the motion for a new trial where a motion for new trial is required to be filed. In that particular case it happened that the trial was before the court without a jury, but the conclusion did not turn in any wise upon that fact.

Of course, we are not discussing the merits of assignments, but only the right to present them for consideration. Many perfectly good assignments in form are overruled, because they disclose no error, when the record is examined.

The rule requiring a motion for new trial in the trial court in certain cases, especially illustrated in attacks upon the verdict, is of early origin in Texas, dating from Foster v. Smith, 1 Tex. 70, where Justice Lipscomb said:

"We will here take occasion to say, that according to what is believed to be the correct rule of practice, no judgment ought to be reversed in this court, merely on the ground that the verdict was not supported by the testimony, unless a motion had been made in the court where the verdict was rendered for a new trial, and overruled."

This rule of practice (and it is only a rule of practice) has been continously followed since. Craver v. Greer, 107 Tex. 356, 179 S. W. 862. But the rule itself in no wise contravenes the further holding that an appellant may assign errors not embraced in his motion for new trial filed in the case. Both rules may, and should, be observed. A contrary holding to that here indicated with respect to assignments would bring about an anomalous situation. For instance, in jury trials, and all other cases where motions for new trial were actually filed, the appellant would be forever precluded from complaining of any error such as misconduct of the jury, newly discovered evidence, and the like, for these could only be presented for the first time in the motion for new trial, and in the nature of things the court's ruling upon such matters could not be assigned as error until after the motion had been overruled.

From a consideration of the statute and the decisions of the Supreme Court interpreting it we deduce the following: (a) In any case where a motion for new trial is filed it may, or may not, at the option of the appellant, constitute the assignment of errors relied upon for reversal. (b) In any case, whether tried by the court or before a jury, either upon a general charge or upon special issues, the appellant may present errors to the appellate court, either through a motion for new trial filed below or by other assignments duly filed in the trial court. (c) Where other assignments are filed, they may supplement or even displace the grounds set forth in the motion for new trial filed. They need

not be copies of such grounds nor even substantially the same, but may be entirely distinct and different therefrom. (d) In no case, however, will an error (not fundamental), as to a matter not called to the attention and ruling of the trial court, either in the course of trial or through the offices of a motion for new trial, be ground for reversal in the appellate court. (e) A commendable practice in this respect is to file in all cases a motion for new trial, presenting those points which have arisen to the time, and thereafter to file in the trial court supplemental assignments of error, presenting only those matters not covered by the motion, thus availing the appellant and the courts of the benefits of the amended article 1612.

[3] We think the Court of Civil Appeals erred in its conclusion that no assignment other than those contained in the motion for new trial could be considered, but it was correct in holding that the particular matters assigned should have been presented to the trial court for a ruling, which demands the same result. A correct judgment of the Court of Civil Appeals, though based upon a wrong ground, should be affirmed. Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.