## REPUBLIC INS. CO. v. GRANT. (No. 463.)

Court of Civil Appeals of Texas. Eastland. June 15, 1928.

Rehearing Denied July 13, 1928.

1. **Appeal and error ⬳209(1)—Want or insufficiency of evidence to support judgment is not such fundamental error as can be assigned for first time on appeal.**

Only questions of fundamental error can be presented by assignments appearing for first time in brief, and want or insufficiency of evidence to support judgment is not such fundamental error as can be considered, in absence of proper assignment of error filed in court below.

2. **Appeal and error ⬳230, 544(1)—Assignment complaining of admission of testimony cannot be considered on appeal, in absence of timely objection and bill of exceptions.**

The Court of Civil Appeals cannot consider an assignment of error complaining of action of trial court in admitting testimony, in absence of an objection thereto timely made in lower court and bill of exceptions preserving objection.

3. **Appeal and error ⬳837(11)—Rule that incompetent evidence will not be considered in determining sufficiency of evidence is inapplicable to assignment relating only to admissibility of evidence.**

Rule that judgment must have its support in competent evidence, and that incompetent evidence, though admitted without objection, will not be considered on appeal in determining sufficiency of evidence to support judgment, has no application to question presented by assignments which relate only to question of admissibility of evidence.

Error from District Court, Taylor County; M. S. Long, Judge.

Proceeding between the Republic Insurance Company and Fletcher Grant. A judgment adverse to it was entered, and the Republic Insurance Company brings error. Affirmed.

A. H. Kirby, of Fort Worth, for plaintiff in error.

Scarborough & Wilson, of Abilene, for defendant in error.

HICKMAN, C. J. [1] The brief of plaintiff in error contains five assignments. The first two challenge the sufficiency of the evidence to sustain the judgment. These assignments were not filed in the court below, but appear for the first time in the brief. Only questions of fundamental error can thus be presented to this court, and it is well settled that the want or insufficiency of evidence to support a judgment is not such fundamental error as can be considered by this court, in the absence of a proper assignment of error filed in the court below. Houston Oil Co. v. Kimball et al., 103 Tex. 94, 122 S. W. 533, 124 S.

W. 85; Maris v. Adams (Tex. Civ. App.) 166 S. W. 475; Houston & T. C. Ry. Co. v. Roberts (Tex. Civ. App.) 194 S. W. 218; Schmidt v. McCoplin (Tex. Civ. App.) 243 S. W. 605; Phillips Petroleum Co. v. Booles (Tex. Civ. App.) 261 S. W. 439; Id. (Tex. Com. App.) 276 S. W. 667.

[2, 3] The third, fourth, and fifth assignments complain of the action of the trial court in admitting in evidence certain testimony of witnesses and a carbon copy of a letter. There is no bill of exceptions in the record, and the statement is made in plaintiff in error's brief that the testimony was admitted without objection. We cannot consider an assignment of error complaining of the action of the trial court in admitting testimony, in the absence of an objection thereto timely made in the lower court and a bill of exceptions preserving the objection. The well-established rule, relied upon by plaintiff in error, that a judgment must have its support in competent evidence, and that incompetent evidence, though admitted without objection, will not be considered by the appellate court in determining the sufficiency of the evidence to support the judgment, has no application to the question presented by these assignments, which relate only to the question of the admissibility of the evidence.

There is no error of the trial court presented in the brief of plaintiff in error, and no fundamental error appears. It is therefore our order that the judgment of the trial court be affirmed.