**JACKSON v. WILLIS et al. (No. 655.)**

Court of Civil Appeals of Texas. Eastland.
Jan. 10, 1930.

J. W. Moffett, of Abilene, for appellant.
Cox & Hayden, of Abilene, for appellees.

HICKMAN, C. J. Appellees T. M. Willis and C. G. Willis, real estate brokers in the city of Abilene, instituted this suit against appellant, I. N. Jackson, to recover $1,000 under an alleged contract for commission earned by them in procuring a purchaser on terms accepted by the appellant of real estate situated in the city of Abilene belonging to appellant. The case was submitted to the jury on special issues, which, together with the answers thereto, were as follows:

"Special Issue No. 1: Did plaintiff secure for defendant, purchasers ready, able and willing to buy the Cypress Street property at $30,000.00; $9,000.00 in cash, $1,000.00 for defendant's retaining the house on said property, and the balance in ten notes of $2,000.00 each? Answer yes or no. Answer 'Yes.'

"Special Issue No. 2: Did defendant agree with plaintiffs that he would take $30,000.00 for the Cypress Street property, $9,000.00 of same to be in cash, $1,000.00 for the defendant retaining the house, and the balance in ten notes of $2,000.00 each? Answer yes or no. Answer 'Yes.'

"Special Issue No. 3: Did defendant agree to pay plaintiffs a commission for the sale of the Cypress Street property? Answer yes or no. Answer 'Yes.'

"Special Issue No. 4: What amount, as commission, did defendant agree to pay plaintiffs for making a sale of the Cypress Street property? Answer in dollars and cents. Answer '$1,000.00.'

"Special Issue No. 5: Did defendant, in his negotiations with plaintiffs, understand that plaintiffs were negotiating for the sale of the Cypress Street property? Answer yes or no. Answer 'Yes.'"

No objections were made to the court's charge, and no request for a peremptory instruction or other instructions made. Upon these findings judgment was rendered in favor of appellees against appellant for $1,000. Thereafter, and in due time, appellant filed his motion for new trial. Only two grounds are contained in the motion, as follows:

"1. That verdict of the jury and the judgment entered thereon are contrary to the law and evidence in that the evidence shows that the defendant had the right to reject any offer of purchase that was made to him before the plaintiffs would be entitled to any commission, and the defendant having rejected the offer of purchase, the only offer being for $29,000.00, and the defendant take the house on the premises, the plaintiffs were not entitled to recover in this case.

"2. The verdict of the jury in answer to questions Nos. 2 to 5 is contrary to the evidence in that the preponderance of the evidence shows that the defendant never authorized the plaintiffs to sell or find a purchaser for the Cypress Street property."

After the adjournment of the term of court at which the motion for new trial was overruled, but before taking out his transcript, appellant filed nine formal assignments of error, each of which challenges the sufficiency

of the evidence in some particular therein set out to support the jury's findings, and these formal assignments are brought to this court as the bases of the propositions here urged for reversal. These assignments point out, not only respects in which the motion for new trial sets up a deficiency in the evidence, but also other claimed deficiencies.

■ Appellees object to the consideration by this court of any assignment presenting a question of the sufficiency of the evidence not called to the attention of the trial court in the motion for new trial. It is well settled that it is optional with appellant whether he treat the grounds in his motion for new trial as his assignments of error in the Court of Civil Appeals. Hess & Skinner Eng. Co. v. Turney, 109 Tex. 208, 203 S. W. 593; Phillips Petroleum Co. v. Booles (Tex. Civ. App.) 261 S. W. 439; Id. (Com. App.) 276 S. W. 667.

But this general rule is always subject to this limitation: "In no case, however, will an error (not fundamental), as to a matter not called to the attention and ruling of the trial court, either in the course of trial or through the offices of a motion for new trial, be ground for reversal in the appellate court." Phillips Pet. Co. v. Booles, 276 S. W. 667, 669.

■ The sufficiency of the evidence to support the fact findings of the jury cannot be raised upon appeal unless it was presented to the court below in a motion for new trial, because the trial court had no opportunity to rule thereon in the course of the trial. Foster v. Smith, 1 Tex. 70; W. U. Tel. Co. v. Mitchell, 89 Tex. 441, 35 S. W. 4; Austin v. Forbis, 99 Tex. 238, 89 S. W. 405; Phillips Petroleum Co. v. Booles, supra.

The rules above announced are necessarily correct, for an appellate court is a reviewing court, and it is always the duty of a litigant to afford the trial court an opportunity to rule on any question, not fundamental in its nature, before he is entitled to have that question passed on by an appellate court. In the absence of an opportunity to rule on a given question, we cannot presume that the trial court would have made an incorrect ruling thereon had it been presented.

Article 2232, R. S. 1925, in setting out the requisites of a motion for new trial, contains this provision: "3. Specify each ground on which it is founded, and no ground not specified shall be considered."

Rules 67 and 68 prescribed for the government of trial courts read as follows:

"67. Each ground of a motion for new trial or in arrest of judgment shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceedings which are designed to be complained of, in such way as that the point of objection can be clearly identified and understood by the court.

"68. Grounds of objections couched in general terms—as that the court erred in its charge, and in sustaining or overruling exceptions to the pleadings, and in excluding or admitting evidence, the verdict of the jury is contrary to the evidence, the verdict of the jury is contrary to law, and the like—shall not be considered by the court." 142 S. W. xxii.

A reference to the motion for new trial discloses affirmatively that only two questions were presented to the trial court. The first was with reference to the right of appellant to reject any offers of purchase made to him before the plaintiffs would be entitled to any commission, and the second relates to whether the appellant authorized appellees to sell the Cypress street property; it having been contended by appellant that it was another and different piece of property which he authorized appellees to sell. The evidence is clearly sufficient as against these two objections thereto.

■ Appellee T. M. Willis testified that appellant accepted the offer of purchase, and also testified that the property was the Cypress street property. These facts were denied by appellant, but we have no authority to pass on the credibility of these witnesses. The jury has resolved the issues in favor of appellees, and, regardless of what we might have found had the facts been submitted to us in the first instance, we are powerless to disturb the fact findings of the jury when such findings are made upon conflicting evidence. We cannot consider the sufficiency of the evidence in other respects than those pointed out or called to the trial court's attention in the motion for new trial, and finding the evidence sufficient as against the attack made in that motion, it is our duty to affirm the judgment of the trial court.

It is so ordered.