### DYO et al. v. WINNINGHAM. *
### No. 2431.

Court of Civil Appeals of Texas. El Paso.
June 19, 1930.

Rehearing Denied July 24, 1930.

Davis, Tittmann, Roche & Miranda, of El Paso, for appellants.

M. M. Winningham and Knollenberg & Cameron, all of El Paso, for appellee.

PELPHREY, C. J.

This is a suit by appellee as intervener against Tsutomu Dyo, H. Kishi, North Mex-ico Mining Company, S. A., a corporation, and the Santo Domingo Mining Company, S. A.

The original pleadings are not included in the transcript, but it appears from appellee's brief that the suit was originally brought by Flavia Cisneros Colonna and M. M. Winningham, as guardian of the estate of Guillermo Horico Colonna, a minor.

Later Winningham, as administrator of the estate of Benito Colonna, deceased, filed his petition in intervention, and upon that pleading the case was tried.

The administrator for cause of action alleged that during the lifetime of Benito Colonna, and during the month of May, 1923, Colonna entered into a contract with the defendants Dyo, Kishi, and others, known as a Declaration of Trust of the North Mexico Mining Company of Mexico, a trust estate unincorporated; that said contract was a partnership agreement; that by the terms of said agreement Benito Colonna, in consideration of services rendered and to be rendered, and for the transfer of any rights he might have in certain mining claims in the State of Chihuahua, Republic of Mexico, was to receive an undivided one-tenth interest in the assets of said mining company or its successors; that thereafter, pursuant to said agreement, the North Mexico Mining Company, S. A., No. 1, was organized with a capital stock of 50,000 pesos, and that Benito Colonna subscribed for and had an interest in said company equal to 200 shares at $25 each; that the articles of such corporation provide that his interest in said company was the above number of shares; that his interest was so recognized by Dyo and Kishi, who were the managing officers of the corporation and at all times in complete control of the company's affairs; that on the 17th day of November, 1925, the appellants organized North Mexico Mining Company No. 2, S. A., with a capital stock of 3,000,000 pesos; that the Sabinal Mining Company and the North Mexico Mining Company, S. A., No. 1, were merged in the North Mexico Mining Company No. 2, S. A., the assets of the North Mexico Mining Company No. 1, S. A., being taken in and recognized in the reorganization as having a value of 2,000,000 pesos or two-thirds of the new corporation; that appellants have refused to recognize his interest in the reorganized corporation and have refused to issue to him or to his representative any stock therein; that $600,000 worth of the assets of the North Mexico Mining Company No. 2, S. A., were later transferred to the Santo Domingo Mining Company, S. A., which has possession and control thereof; that Dyo and Kishi have at all times been the president, vice president, and general manager of all the corporations named and have assisted in the fraud and deceit in preventing Benito Colonna and his estate from participating in

*For opinion denying second application for rehearing, see 31 S.W.(2d) —.

the assets or dividends of the reorganized company.

Appellee prayed for an accounting; for damages for the conversion of his stock, which he alleged to be of the value of $75,000; and for his share of the profits thereon.

Appellants answered by a general demurrer, a general denial, and specially denied the existence of a partnership as alleged by appellee; specially alleged that Benito Colonna fraudulently represented to Dyo and others that he owned certain mining claims in the Republic of Mexico; that he had denounced according to law a claim known as "La Palestina" and that he was in position to locate and denounce two other claims known as "Australia" and "Anahauc"; that such rights held by him were of great value; that he would transfer his said rights to the corporations then in contemplation; that appellants relied upon such representations, and permitted him to state or have stated that in consideration of a transfer of such rights to the North Mexico Mining Company, S. A., No. 1, he was to have a certain interest and own certain capital stock in said corporation; that there was no consideration for the granting to him of the interest in said corporation, in that, he did not legally denounce the claim known as "La Palestina" and that all rights were denied him in said claim by the Mexican authorities, and that he failed to follow up and denounce the other two claims; denied that any interest of Colonna in the North Mexico Mining Company, S. A., No. 1, was ever recognized by appellants, and that he was ever entitled to any interest in said corporation; that they were ever guilty of any fraud or attempt to cheat Colonna out of any interest in said corporation.

Appellants further pleaded res adjudicata by virtue of a certain suit by Flavia Cisneros Vda. de Colonna, as executrix of the estate of Benito Colonna in the civil court of the District of Brovas, State of Chihuahua, Republic of Mexico.

Appellee filed his trial amendment in which he demurred generally to appellant's answer, denied generally the allegations thereof, and pleaded certain laws of the Republic of Mexico, by the provisions of which it is claimed Colonna parted with a good, valid, and legal consideration for the interest sued for.

Appellants, by trial amendment, also pleaded certain provisions of the Mexican law as showing that there was a failure of consideration.

The cause was tried to the court and judgment rendered in favor of appellant against Dyo, Kishi, and North Mexico Mining Company, S. A., a corporation, jointly and severally in the sum of $40,000, and in favor of the defendant Santo Domingo Mining Company.

Dyo, Kishi, and the North Mexico Mining Company, S. A., have all appealed.

## Opinion.

The points and propositions upon which appellants seek a reversal are:

"I. In order to warrant the judgment against North Mexico Mining Company, S. A. No. 2, some wrongful or neglectful act of the corporation must be pleaded and proved.

"II. Proof that Kishi and Dyo were the chief officers of the corporation and that they converted the stock of intervenor's intestate, and would not make their act the act of the corporation, and render it liable for such conversion.

"III. There was no proof that North Mexico Mining Company S. A. No. 2 converted the stock of Benito Colonna.

"IV. There was no sufficient proof to show that appellant H. Kishi converted the stock of Benito Colonna, so that the judgment against him was without foundation of fact.

"V. There was no sufficient proof to show that appellant Tsutomu Dyo converted any stock of Benito Colonna, so that the judgment against him was without foundation of fact.

"VI. The consideration for the contract by which Colonna was to obtain 200 shares of the North Mexico Mining Company stock failed because he was unable to either point out or secure denouncement of the mining claims which he was to turn over to the company for said stock."

The trial court filed findings of fact and conclusions of law. The parts material to the issues as we view them will here be quoted:

"1. That the deceased, Benito Colonna, with 200 shares, was the associate of Tsutomu Dyo, with 700 shares. Tomonichi Nakano, with 660 shares, Simobu Ogawa, with 140 shares, Masaki Suski, with 200 shares, and Ihei Kasai, with 100 shares, in the formation of a private corporation, organized under the laws of the State of Chihuahua, Mexico, called the North Mexico Mining Company, S. A., of which Colonna was an incorporator with a one-tenth interest or share.

"2. The North Mexico Mining Company, S. A. was organized under the laws of the State of Chihuahua, Mexico, on May 29th, 1923, with a capital stock of Fifty Thousand Pesos (Mexican money) divided into two thousand shares of the par value of twenty-five pesos (Mexican money) each.

"3. The shares of the company were to be issued to bearer, transferable by delivery.

"4. That all the stock was paid for in full by the incorporators in cash except the stock allotted to Benito Colonna, as to which it was provided by the charter that 'Benito Colonna with the consent of his co-partners, assigns and transfers in favor of the Company, in payment of the value of his shares, the rights to the denouncements of the mining proper-

ties known as "La Palestina" with an area of two hectares, and situated in the municipality of La Asension, Geleana District, State of Chihuahua, "Australia" and "Anahuac," with an area of twenty hectares each, situated in the Morelas District in said State of Chihuahua, in order that the company may follow said denouncements to termination and acquire for itself the titles thereto, so that the same may be developed for the benefit of all the organizers in the proportion that each one represents.' "

"9. This Company acquired various mining claims in Chihuahua, among which was one called the 'Magda,' and which, prior to November, 1925, proved to be very valuable.

"10. This company was dissolved on October 16th, 1925, without having distributed any of its assets and while Colonna was still a member thereof with his original interest."

"12. Colonna's certificates of ownership or of his shares were never, in fact, delivered to him, and no authority was shown, or attempted to be shown, of his authorizing the same to be delivered to anyone else. From the evidence it appears that Colonna's shares and certificates of ownership of the same were withheld from him and, without any authority from him, put to the credit of, or in the possession of others, who appeared to be holding the shares at the time of the dissolution of the company, as follows: Kitoshi Kishi, 600 shares, Tsutomu Dyo, 600 shares, Shinechi Lee 250 shares, Chinohu Ogawa 300 shares, Ihei Kasai 250 shares.

"13. All the assets of the North Mexico Mining Company S. A., were transferred to a new company called the North Mexico Mining Company, No. 2, S. A., on or about the 16th day of October, 1925, of which new company the organizers and share holders were as follows: Hitoshi Kishi 900 shares, Tsutomu Dyo, 900 shares, Goro Terin 200 shares, Shinechi Lee 450 shares, Shinobu Ogawa 300 shares, Ihei Kasai 250 shares. In the formation of the second company, the assets of the North Mexico Mining Company No. 1 constituted two-thirds of the assets of the new company and the assets of the Sabinal Mining Company one-third. The stockholders of the Sabinal Mining Company, on the 16th day of October, 1925, were as follows: Hitoshi Kishi 300 shares, Tsutomu Dyo, 300 shares, Goro Terui 200 shares, Shinechi Lee 200 shares."

"15. That the par value of the shares of the last mentioned company was $1,000.00 a share and that its total capital was $3,000,000.00, both Mexican pesos. That such shares were issued to bearer and transferable by delivery. That it took in the assets of the Sabinal Mining Company at a valuation of one million pesos and the assets of the North Mexico Mining Co. S. A., No. 1 at a valuation of two million pesos. That the latter valuation was made up as follows: The Magda Mining claim of

six hectares one million pesos; the Consuelo Mining Claim, with an area of 20 hectares, five hundred thousand pesos; the mining claim 'Palestina' for (four) hundred thousand pesos; Machinery, ore in transit, etc., one hundred thousand pesos."

"19. That Colonna never transferred or parted with his interest in the assets or shares of Company No. 1, and that he was the owner of the same at the time of its dissolution and entitled to one-tenth of the assets thereof less the liabilities.

"20. That the value of the assets less the liabilities of Company No. 1, at the time, was $400,000 gold, that is to say, money of the United States.

"21. That the consideration for which the incorporators of the North Mexico Mining Company, S. A. No. 1 agreed to give Benito Colonna 200 shares of its stock was the transfer by him to the company of certain rights to the denouncements of certain mining properties described in the company's charter, which all parties knew all about and the conditions surrounding the same."

### Conclusions of Law.

"1. That, inasmuch as Colonna was a stockholder of Company No. 1 at the time of its dissolution and entitled to one-tenth of its net assets, the transfer to, and acceptance of, the North Mexico Mining Company No. 2 was a conversion of the same, and, inasmuch as the incorporators of Company No. 2 participated in such conversion, Company No. 2 and the incorporators thereof are liable for such conversion."

The question of primary importance as to appellee's right to recover will be that of a failure of consideration. Appellants contend that there was a failure of consideration because Benito Colonna was unable to either point out or secure denouncement of the mining claims which he was to turn over to the company for his stock, while appellee argues that Colonna gave up his right, a thing of value, for a price fixed and agreed upon; that Colonna had knowledge, a filing not perfected and later denied because it invaded the property of the Santa Maria; that every one knew that Colonna had no claims; and that he only assigned his rights, whatever they were.

As set out in the findings of fact by the trial court, the charter of North Mexico Mining Company No. 1 provided that all the stock was paid for in cash except that of Colonna and that his was to be paid for by the assignment and transfer in favor of the company of his rights to the denouncement of three certain mining claims, in order that the company might follow said denouncements to termination and acquire for itself the titles thereto.

It appears from the above provision that the parties knew, at the time of the organization of North Mexico Mining Company No.

1, that Colonna was not the owner of the three mining claims mentioned in the charter, but that the recital was placed in the charter that Colonna was the owner of 200 shares of the stock of the company by reason of his assignment to the company of certain rights which he had to denounce said claims, arising either from some act theretofore performed by him or from his knowledge of the location of said claims and willingness to proceed to secure in his name the denouncement thereof for the benefit of the company. In either event, it was, we think, based upon the assumption that said claims were subject to denouncement, for if said claims were already owned by other parties, as the record discloses, then Colonna had no rights, which he could convey, and therefore nothing he could do thereafter would lead to the acquisition of the title by the company.

It appearing under the laws of Mexico, as pleaded by appellants, that denouncements could be made only on vacant land, it follows that if the claims, which were designated by Colonna as the ones in which he was transferring his rights, were located on land already owned by others, then the rights which he was attempting to transfer did not exist, and therefore there was no consideration for the transfer of the shares of stock to him.

Nor do we think that the fact that Dyo and Nakana after the death of Colonna agreed to pay $10,800 for Colonna's interest in the company changed the condition existing at the time of the organization of that company.

While the evidence introduced in the case is very contradictory, that being especially true of the testimony of the witness Dyo, yet, from a careful study of the whole record, we have been forced to the conclusion that Colonna, regardless of his good faith at the time of the organization of North Mexico Mining Company No. 1, had no rights in the claims which he contracted to assign to said company, and that there was no consideration to support the transfer to him of an interest therein. If we are correct in this conclusion, then the trial court erred in rendering judgment against appellants and the assignment of appellants must be sustained.

Nor do we think the statute of Mexico as to purchases in expectancy alters the position or rights of the parties.

That statute provides that a contract which has for its object the uncertain results of an act to be performed which may be determined in money is called an expectancy.

In this case, the claims in which Colonna agreed to transfer his rights not being vacant, and therefore not subject to denouncement, there could be no uncertainty as to the result of his effort to denounce them.

■ The case appearing to have been fully developed on the question of the failure of consideration, then we should, upon reversing the judgment of the trial court, render the judgment he should have rendered.

The judgment of the trial court is therefore reversed, and judgment here rendered that appellee take nothing.

HIGGINS, J., did not sit in this case.

### On Motion for Rehearing.

PELPHREY, C. J.

The trial court in his findings of fact made the following finding:

"21. That the consideration for which the incorporators of the North Mexico Mining Company S. A. No. 1 agreed to give Colonna 200 shares of its stock was the transfer by him to the company of certain rights to the denouncements of certain mining properties described in the company's charter, which all parties knew all about and the conditions surrounding the same."

■■ Appellee now contends that because there was no attack made upon the above finding by appellant, same is binding upon this court, and that we were in error in holding that there was no consideration to support the transfer to Colonna of an interest in the North Mexico Mining Company No. 1.

The further contention is made that appellants are limited to the assignments of error contained in their motion for a new trial, and that we are not at liberty to consider any additional assignments unless they raise a question of fundamental error.

Both of these questions have been decided adversely to the contention of appellants, we think, by our Supreme Court in the case of Hess & Skinner Engineering Company v. Turney, 109 Tex. 208, 203 S. W. 593.

See also 3 Tex. Jur. § 570, pp. 806, 807, and authorities cited.

Under the above holdings, "The judgment of the court having been excepted to, it was not necessary that exception be also taken to the conclusions of law and fact to secure their review on appeal under due assignments of error," and in cases where the trial is before the court without a jury, no motion for a new trial being necessary to entitle appellant to appeal, it is also unnecessary that his assignments be related to his motion for a new trial.

The last contention presented is that we erred in the original opinion in holding that there was no consideration flowing from Colonna to the North Mexico Mining Company No. 1. The charter of the North Mexico Mining Company No. 1 contained the following provision:

"Said charter members exhibited the total value of their shares, with the exception of Mr. Benito Colonna, who, with the consent of his co-partners, assigns and transfers in favor of the Company, in payment of the value of

his shares, his rights to denouncements of the mining properties known as 'La Palestina,' with an area of two hectares, and situated in the municipality of La Ascencion, Galeana District, State of Chihuahua, 'Australia' and 'Anahuac,' with an area of twenty hectares each, situated in Morelos District in said State of Chihuahua, in order that the Company may follow said denouncements to termination and acquire for itself the titles thereto so that the same may be developed for the benefit of all the organizers in the proportion that each one represents."

By the above it appears that Colonna was supposed either to have applied for denouncement of the claims mentioned or knew of their whereabouts and had a right to apply for their denouncement.

The record reveals that the claims mentioned were not subject to denouncement and that Colonna had no rights in them which were capable of being transferred.

This being the state of the record, we think our former decision was the correct one to make, and the motion for rehearing is accordingly overruled.