

## Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 23, 1993

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-230

Re: Whether article 45.54 of the Code of Criminal Procedure permits a justice of the peace to dismiss a complaint against a defendant who has failed to successfully complete a driving safety course  (RQ-512)

Dear Mr. Driscoll:

On behalf of a justice of the peace in Harris County, you ask whether article 45.54 of the Code of Criminal Procedure permits a justice to dismiss a complaint against a defendant who has failed to successfully complete a driving safety course. We conclude that article 45.54 does not permit a justice to do so.

Article 45.54 provides in pertinent part:

(1) On a plea of guilty or nolo contendere by a defendant or on a finding of guilt in a misdemeanor case punishable by fine only and payment of all court costs, the justice may defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period not to exceed 180 days. . . . .

(2) During the deferral period, the justice *shall* require the defendant to successfully complete a . . . . driving safety course, if the offense alleged is an offense involving the operation of a motor vehicle . . . .

(3) During said deferral period, the justice *may* require the defendant to:

. . . .

(4) At the conclusion of the deferral period, if the defendant presents satisfactory evidence that he has complied with the requirements imposed, the justice shall dismiss the complaint, and it shall be clearly noted in the docket that the complaint is dismissed and that there is not a final conviction. Otherwise, the justice may proceed with an adjudication of guilt. After an adjudication of guilt, the justice may reduce the fine assessed or may then impose the fine

> assessed, less any portion of the assessed fine that has been paid. If the complaint is dismissed, a special expense not to exceed the amount of the fine assessed may be imposed.
>
> (5) If at the conclusion of the deferral period the defendant does not present satisfactory evidence that the defendant complied with the requirements imposed, the justice may impose the fine assessed or impose a lesser fine. The imposition of the fine or lesser fine constitutes a final conviction of the defendant.
>
> . . . .

Code Crim. Proc. art. 45.54 (emphasis added).

We conclude that article 45.54 does not permit a justice of the peace to dismiss a complaint against a defendant who fails to successfully complete a required driving safety course for the following reasons. Section (2) states that a justice "*shall* require the defendant to successfully complete a . . . driving safety course." Although the connotation of the term "shall" is not always mandatory,[1] we believe the legislature intended it to be mandatory in this context. The use of the term "shall" in section (2) is in direct contrast to the use of the term "may" in section (3), which provides that "the justice *may* require the defendant to" comply with certain other conditions, such as posting a bond or submitting to professional counseling. In enacting section (2), the legislature clearly intended to mandate justices to require defendants to successfully complete driving safety courses.

Furthermore, we note that section (2) was added to article 45.54 by the legislature in 1991, and therefore postdates the article's other provisions. *See* Acts 1991, 72d Leg., ch. 835, § 4, at 2889. Therefore, to the extent section (2) conflicts with other sections of article 45.54, section (2) must prevail. Gov't Code § 311.025(a) (Code Construction Act) (if statutes are irreconcilable, the statute latest in date of enactment prevails); *see also* Attorney General Opinion JM-1237 (1990) at 6. In addition, sections (4) and (5) set forth a justice's options when a defendant has failed to comply with the requirements, but do not expressly address whether or not a justice must require a defendant to successfully complete a driving safety course. Section (2), on the other hand, specifically addresses this issue. Therefore, in the event that sections (4) and (5) conflict with section (2), the more specific provision, section (2), must prevail. Gov't Code § 311.026(b) (if a conflict between a general provision and a special provision is irreconcilable, the special provision prevails as an exception to the general provision, unless the general provision is the later

---

[1] As this office noted in Attorney General Opinion WW-610 (1959), the legislature frequently uses "may" and "shall" interchangeably. Attorney General Opinion WW-610 at 3 (quoting *Hess & Skinner Eng'g Co. v. Turney*, 203 S.W. 593, 594 (Tex. 1918)). Whichever word the legislature has chosen is to be construed in accordance with the legislative intent. *Id.* (quoting *Hess & Skinner Eng'g Co.*, 203 S.W. at 594).

enactment and the manifest intent is that the general provision prevail); *see also* Attorney General Opinion JM-1237 at 6.

The first sentence of section (4) requires a justice to dismiss a complaint against a defendant who has complied with the requirements imposed, but the remaining sentences are less specific about a justice's duties with respect to a defendant who has failed to do so. You point out that the remaining three sentences of section (4) and section (5) are somewhat ambiguous. You state that these provisions can be construed to permit a justice to dismiss a complaint against a defendant who has failed to successfully complete a driving safety course. In particular, you base your contention on the final sentence of section (4). That sentence, which follows two sentences regarding a justice's options when a defendant fails to comply with the requirements imposed, states, "If the complaint is dismissed, a special expense not to exceed the amount of the fine may be imposed." You believe that this sentence can be construed to expressly permit a justice to dismiss a complaint against a defendant who has failed to successfully complete a driving safety course. You also rely on the repeated use of the term "may" in the remainder of section (4) and in section (5), which you believe suggests that a justice has the discretion to decide whether or not to proceed with an adjudication of guilt or to impose a fine in such circumstances. You suggest that the last three sentences of section (4) and section (5) conflict with section (2). We disagree.

The last three sentences of section (4) and section (5) predate section (2), and do not distinguish between situations in which a defendant has failed to successfully complete a driving safety course, a requirement which a justice is mandated to impose under section (2), and those in which a defendant has failed to comply with requirements under section (3), requirements which a justice may impose at his or her discretion. These provisions do not expressly permit a justice to dismiss a complaint against a defendant who fails to successfully complete a driving safety course, and need not be read to do so. Rather, the last three sentences of section (4) and section (5) can be harmonized with section (2) if they are construed to permit justices to dismiss complaints against defendants who fail to successfully complete requirements imposed pursuant to justices' discretion under section (3), but not to permit justices to dismiss complaints against defendants who fail to successfully complete a driving safety course.

Accordingly, we conclude section (2) mandates a justice to require a defendant to successfully complete a driving safety course, and that sections (4) and (5) do not permit a justice to dismiss a complaint against a defendant who has failed to successfully complete a driving safety course.

## S U M M A R Y

Article 45.54 of the Code of Criminal Procedure does not permit a justice of the peace to dismiss a complaint against a defendant who has failed to successfully complete a driving safety course.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General