CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. HENRY PEMBERTON.

No. 2556. Decided December 3, 1913; June 26, 1914.

1.—Supreme Court—Assignment of Error.

The refusal of the appellate court to consider assignments of error is, in effect, an overruling them; and the Supreme Court will not refuse to consider error in such action because assigned in the petition for writ of error as committed by overruling, instead of by refusing to consider same, and therefore not technically correct. (P. 464.)

2.—Practice on Appeal—Assignment of Error.

A reasonable and substantial compliance with the rules for presenting alleged errors on the trial to the Courts of Civil Appeals should be held sufficient. The rules were enacted for the benefit of those courts; but the preservation of the right of appeal is of equal concern with the enforcement of rules of practice, and these are not intended to encumber such courts with technical and arbitrary requirements. (P. 466.)

### 3.—Same—Motion for New Trial—Reference to Record.

Rules 23, 24 and 25 for the Courts of Civil Appeals do not require that the assignment of error refer to the page of the transcript showing where the error asserted was presented in a motion for new trial. The assignment is generally filed before the transcript is prepared. It is sufficient that it show that the error was urged in a motion, and enable the court to verify the fact by reference "to the that portion of the motion for a new trial in which the error is complained of." A substantial compliance with this should be held sufficient. (Pp. 465, 466.)

### 4.—Same—Brief.

In making the statement under a proposition in his brief, the appellant is required, by Rule 31, to refer to the page of the record showing that the error was presented in a motion for new trial only where it is necessary to state some part of that motion in order to explain and support the proposition. (Pp. 466, 467.)

### 5.—Briefs—Statement—Reference to Record.

It seems that the appellate court would be authorized to consider a proposition presented in appellant's brief where the accuracy of the supporting statement made by the appellant was not questioned by appellee, though reference to the transcript pages for some of the matters contained was omitted. But the discretion of the appellate court in passing on these matters will not generally be revised by the Supreme Court. (P. 467.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

The railway company obtained writ of error on the affirmance, on its appeal, of a judgment obtained against it by Pemberton.

*Lassiter, Harrison & Rowland* and *Bennett Hill,* for plaintiff in error.

*W. L. Crawford, Jr.,* and *Carden, Starling, Carden & Hemphill,* for defendant in error.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The plaintiff in error was the appellant in the Honorable Court of Civil Appeals, and on the appeal of the case filed in that court its brief submitting four assignments of error. The court declined to consider any of the assignments for the reason, as stated in its opinion, that none of them complied with rules 23, 24 and 25 prescribed by this court for the preparation of briefs, in that the brief failed to point out the page of the transcript where the alleged error was called to the attention of the trial court in a motion for new trial or to anywhere point out the page of the transcript where the motion for a new trial was to be found, and affirmed the judgment of the trial court.

Objection is made by the defendant in error to our reviewing the action of the Court of Civil Appeals, upon the ground that the petition for the writ of error, as did the motion for rehearing, complains only of the "overruling" of the assignments as distinguished from the refusal to consider them. While they were not expressly overruled, the effect of the court's action upon the appeal amounted to that result. The appellant was at liberty, therefore, to treat them as overruled, and its assignments of error in the motion for rehearing and petition for writ of error, so framed, sufficiently challenge the ruling. We are not dis-

posed, at all events, to deny them consideration because not couched in exact and technical phrase.

The first assignment of error presented in the brief of the plaintiff in error in the Court of Civil Appeals is as follows:

"The court erred in overruling defendant's motion for a new trial on the first ground stated therein, towit, that the verdict of the jury was excessive, and in overruling defendant's motion for a new trial, for this reason, as stated in the first paragraph thereof."

Under it the following proposition is submitted:

"A fair consideration of the evidence in this case shows that the plaintiff's injury was comparatively inconsiderable and that the verdict is grossly excessive."

To the proposition is subjoined a statement of the testimony constituting nearly three pages of the brief, in which at intervals reference is made to the pages of the statement of facts by number. Each of the other three assignments of error concludes with substantially the same sentence as the first assignment, containing in each instance a reference by number to the paragraph of the motion for a new trial where the same ground of error is presented. It is true that the page of the transcript for the particular paragraph of the motion is not given in any assignment or in the statement under it. Nor does the brief anywhere designate the page of the transcript where the motion for a new trial may be found. But this was not necessary in our opinion under either of the rules upon which the Honorable Court of Civil Appeals predicates its refusal to consider the assignments.

Rule 23 provides that the record shall contain an assignment of errors as required by the statute. It makes no reference to the motion for a new trial. In rule 24 it is provided that the ground of error presented in an assignment must have been set forth in the motion for a new trial; otherwise it will be considered as waived unless it be fundamental in its nature. And under rule 25 it is required that the assignment refer to that portion of the motion for a new trial where the same error is complained of. The purpose of rules 24 and 25 in their relation to the motion for a new trial is obvious. It is, first, to confine the appellant in the Court of Civil Appeals to the submission of only such grounds of error as were brought to the attention of the trial court in the motion; second, to assure the Court of Civil Appeals that the error assigned was urged in the motion; and, third, to enable the court to verify their identity. It is plain, however, that the rules do not require that the brief furnish the court any further means for such verification than "the reference" in the assignment "to that portion of the motion for a new trial in which the error is complained of," as is stated in rule 25, since they make no other provision in that respect. There is no suggestion that in addition to the reference to that portion of the motion complaining of the error, required by rule 25, there shall also be given the page of the transcript containing such part of the motion or where the motion may be found. This court in its amendment of rule 25,

incorporating this provision, doubtless considered the reference to such particular part of the motion a sufficient designation of the record. It is not improbable that it recognized the difficulty of complying with any requirement that the assignment contain any further designation, particularly the transcript page of the motion,—and it is evident that it regarded the assignment as the appropriate place for the designation,—since the appellant complies fully with another rule if he faithfully copies in his brief the assignment as filed in the trial court; and in filing his assignments in that court it is frequently impossible for him to know the transcript page of the motion, as, generally, the transcript is not prepared until after the assignments of error are filed.

In the application of rules 24 and 25 the brief does not involve the motion for a new trial except for the purpose we have stated, and whenever the brief makes faithful attempt to accomplish such purpose by the assignment only of errors presented in the motion, a statement to that effect, with a reference in the assignment to the particular part of the motion, or a designation of the pages of the record in immediate connection with the assignment such as will enable the court to readily compare the assignment with the motion; in other words, whenever the presentation of the assignment of error substantially performs the office in respect to the motion for a new trial intended by these rules, it is entitled to consideration, though the letter of the rules be not strictly followed. The rules were enacted for the benefit of the Courts of Civil Appeals and to facilitate their labors by relieving them of some part of the burden which the examination of the numerous and voluminous records before them necessarily imposes. They should be observed; and as they relate to the work of those courts we are at all times reluctant to revise their enforcement of them. But it was not intended in their adoption to encumber the Courts of Civil Appeals with technical and arbitrary requirements, or to enjoin such rigid adherence to them as precludes their observance by a reasonable and substantial compliance. While they constitute a necessary limitation upon the exercise of the right of appeal, the preservation of that right is of equal concern with the enforcement of rules of practice; and in our opinion it should never be denied whereby a substantial compliance with their provisions the purpose of such rules is effectually subserved and their end practically accomplished.

These assignments comply literally, we think, with rules 24 and 25, and so far as affected by those rules were entitled to consideration by the court.

The Court of Civil Appeals, as we have stated, based its refusal to consider the assignments only upon the failure of the brief to comply with rules 23, 24 and 25. The defendant in error, however, insists that under rule 31, which relates to the preparation of the statement subjoined to the proposition submitted, it was required that the transcript page of the motion for a new trial be given. That rule provides that under the proposition there shall be made a brief statement, in substance, of such proceedings, or part thereof, in the record, "as will

be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record." If it had been necessary to state any part of the motion for a new trial in order to explain and support the several propositions under the assignments, this rule would have been applicable, but such does not appear to have been the case. It has no application to the motion for any other purpose, and distinctly not for the purpose of its being shown that the ground of error specified in the assignment was likewise presented in the motion.

It is further urged by the defendant in error that the statements as made, subjoined to the propositions submitted under the second, third and fourth assignments, are not in compliance with rule 31, and that the court properly refused to consider those assignments, because of the want of reference to the pages of the record. The statements under the assignments just named are defective in this particular. The second assignment is based upon the refusal to give a special charge. The statement gives the number of the charge and copies it literally, but omits to give the page of the transcript where it may be found. It further purports to give the substance of certain testimony upon the issue submitted in the charge and with respect thereto gives the transcript pages. The third and fourth assignments both relate to matters made the subject of bills of exception. In the statements the bills are referred to by number and copied in full, but reference to the pages of the transcript where found is omitted. While the statements under these three assignments are defective in the particular stated, their accuracy was not questioned in the Court of Civil Appeals by the defendant in error, and for this reason we believe the court would have been warranted in considering the assignments, but we do not consider it within our province to revise the exercise of discretion by the Court of Civil Appeals where the statement wholly fails to refer to the pages of the record and the assignment is not considered for that reason.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court for the consideration of the first assignment of error in the brief filed in that court by the plaintiff in error, and for the consideration of the remaining three assignments unless the court is of the opinion it should refuse to do so because of the statements thereunder being defective in the respect stated under rule 31.

Reversed and remanded to the Court of Civil Appeals.

Opinion delivered December 3, 1913.

### ON MOTION FOR REHEARING.

It is urged in the defendant in error's motion for a rehearing that the Court of Civil Appeals should not be required under the ruling of this court to consider the first assignment of error made in that court by the plaintiff in error for the reason that, apart from other questions, it is too general in its terms. The Honorable Court of Civil Appeals did not decline to consider the assignment for this reason, and upon that account we did not, in the opinion, notice this as a ground of

objection to its consideration. We do not wish to be understood as holding that the assignment is good as against such objection. While the opinion contains no reference to this question, it is open to the construction that the Court of Civil Appeals should consider the assignment notwithstanding it might deem this a sufficient objection; and in overruling the motion it is perhaps proper, therefore, that we should amend the opinion in this particular.

The motion for rehearing is overruled.

<em>Reversed and remanded to Court of Civil Appeals.</em>

Delivered June 26, 1914.