EL PASO ELECTRIC RAILWAY COMPANY v. J. D. LEE.

No. 2602. Decided April 28, 1920.

(221 S. W., 254.)

**Assignment of Error—Motion for New Trial.**

Where an assignment of error stated that the error was complained of in the motion for new trial followed by a reference to the page or pages of the transcript containing that part of the motion, this was sufficient compliance with Rule 25 for Courts of Civil Appeals requiring the assignment to "refer to that portion of the motion for new trial in which the error is complained of." Chicago, R. I. & G. Ry. Co. v. Pemberton, 106 Texas, 463, followed. (P. 495).

Error to the Court of Civil Appeal for the Eighth District, in an appeal from El Paso County.

Lee sued the El Paso Elec. Ry. Co. for personal injuries and obtained judgment from which defendant appealed. It was affirmed (157 S. W., 748) the court declining to consider various assignments of error by appellant, who thereupon obtained writ of error.

*Baker, Botts, Parker & Garwood, Waters Davis,* and *J. M. Goggin,* for plaintiff in error, cited:—Texas Company v. Strange, 154 S. W., 327; Texas Midland Ry. Co. v. Cummins, 156 S. W., 542; Railway Co. v. Pemberton, 155 S. W., 652.

*Patterson & Wallace,* and *W. B. Ware,* for defendant in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

In the Court of Civil Appeals, the appellant, the plaintiff in error here, presented in its brief five assignments of error. Each assignment concluded with the statement that the error was complained of in the motion for new trial in the District Court, followed immediately with a reference to the transcript, giving the page or pages containing that part of the motion for new trial where such complaint was made.

The Court of Civil Appeals held that this was not in compliance with Rule 25, in its requirement that an assignment of error presented in the Court of Civil Appeals "must refer to that portion of the motion for a new trial in which the error is complained of."

It declined to consider any of the assignments, and affirmed the judgment of the trial court.

The purpose of the requirement in the rule that the assignment of error refer to that part of the motion for a new trial where the error was complained of in the trial court, is only to enable the appellate court to readily compare the assignment with such part of the motion. Where, as in this case, it is distinctly recited in the assignment that the particular complaint was made in the motion for a new trial, and as a part of the assignment the transcript page is given where such part of the motion may be found, there is clearly a substantial compliance with the rule and the assignment is entitled to be considered. This is true, because the office of the requirement is effectually performed, in that the court is given immediately the means of comparing the assignment with the motion and with no search of the record required.

The question is ruled by Chicago, R. I. & G. Ry. Co. v. Pemberton, 106 Texas, 463, 161 S. W., 2, 168 S. W., 126. We there held that a reference in the assignment to the particular part of the motion, or a designation of the pages of the record in immediate connection with the assignment such as would enable the court to readily compare the assignment with the motion, was a sufficient compliance with the requirement of the rule.

The judgment of the Court of Civil Appeals is accordingly reversed and the case remanded to it for the consideration of the assignments of error.

*Reversed and remanded to Court of Civil Appeals.*