**ELLIS et al. v. JEFFERSON STANDARD LIFE INS. CO. et al.***

No. 13460.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 20, 1936.

Rehearing Denied Dec. 18, 1936.

Second Rehearing Denied Jan. 15, 1937.

*Writ of error dismissed by Supreme Court and for want of jurisdiction, Feb. 3, 1937, with the following notation: "We are of the opinion that appellant's brief in the Court of Civil Appeals was, in the main, sufficient, and are not in accord with most of what was said by that Court in that regard. In spite of this, we have examined this record and the appellant's brief, and are of the opinion that correct judgments were entered by the two lower courts."

See, also, 78 S.W.(2d) 645.

L. L. Montgomery and Vern D. Adamson, both of Dallas, for plaintiffs in error.

Seay, Malone & Lipscomb, of Dallas, for defendants in error.

BROWN, Justice.

The parties will be referred to as appellants and appellee for convenience.

While the "moratorium statute" was present with us, appellants, learning that appellee was about to sell certain improved real estate, together with the furnishings therein, under the authority vested in the trustee as provided for in the deed of trust which secured debts owned by appellee, the payment on which was in arrears, brought suit in the district court of Dallas county to enjoin appellee from making such sale. The trial court granted the temporary injunction prayed for, restraining appellee from having the property sold by its trustee.

Appellee answered, first, by asserting its right to foreclosure through its trustee because of default in the payment of its debts and prayed for a dissolution of the injunction; second, and in the alternative, appellee prayed that in the event it was not entitled to the relief first prayed for, that it be given judgment establishing its debt and liens and for foreclosure of its liens against the property.

A hearing being had, the trial court dissolved the temporary injunction, but this interlocutory order was the only order made in the suit and the cause remained on the docket of the district court.

Subsequent to the dissolution of the temporary injunction, it appears that a substitute trustee made a sale of the property in question. It further appears that this sale was abortive in that no authority was shown in the substitute trustee to make any such sale, and, further, because suit was then pending for a foreclosure through court decree.

The suit finally came on for trial, and on January 18, 1935, appellee filed its second amended original answer and cross-action, in which it demurred to the sufficiency of appellants' original petition, pleaded its debts and liens, defaulting pay-

ment, the payment by it under the terms of the deed of trust of certain insurance premiums and certain taxes, made an itemized bill of particulars of the payment of the taxes and insurance premiums and had same properly sworn to, and asked for the establishment of its debt and a foreclosure of its liens. And in the alternative, it prayed by way of trespass to try title for recovery of the possession of the premises. Also, under appropriate allegations appellee prayed for the appointment of a receiver to take charge of the premises, and such receiver was duly appointed by the court.

Appellants answered, urging a general demurrer to appellee's pleading and a number of special exceptions, and alleged that she no longer desired to prosecute her original suit for injunction and asked for the dismissal of such suit on her part. Appellants pleaded that appellee is estopped to seek a foreclosure of either of the deed of trust liens because of the action taken by the trial court, asserting that having done nothing more than secure a dissolution of the injunction theretofore awarded appellants, appellee had elected and could not now ask for the establishment of its debt and the foreclosure of its liens. Appellants then pleaded that after the temporary injunction was dissolved appellee caused a substitute trustee to act in the premises and on the first Tuesday in November, 1933, such substitute trustee sold the property, which was bid in by appellee, and a deed executed and delivered to appellee, which was placed of record; that such act on the part of appellee has estopped it from coming into court by an amended cross-action and praying that the same liens be again foreclosed by decree of court. Appellants pleaded that preliminary to the trustee's sale and while this cause has been pending, they have attempted to refinance, renew, and extend such part of the indebtedness claimed by appellee as is secured by valid liens against the property involved, but that owing to the general economic condition existing, it has been and is now impossible to readily and easily obtain finances for renewing and extending real estate indebtedness, "but plaintiff says that she has reason to believe, and does believe, that if the purported legal title to the premises in controversy had not been attempted to be vested in the Jefferson Standard Life Insurance Company by the trustee's deed executed and delivered to it by said defendant John C. Cox, substitute trustee, and had the title of plaintiff to said real estate not been clouded by the recording of said conveyance by the defendant Jefferson Standard Life Insurance Company, all as hereinbefore alleged in paragraphs 19 and 20 hereof, that she would have been able long prior to this time to renew and extend such of the indebtedness claimed by defendant as is secured by a valid lien upon her property."

Appellants pleaded further that all of these acts clouded their title and prevented them from obtaining funds to refinance the indebtedness claimed by appellee, and that appellants have been damaged by such acts, and that all of such acts alleged constitute such an election of remedies by appellee as will in equity estop it from now seeking a judgment of debt and foreclosure under decree of court. There are further allegations in appellants' said pleading which we will not notice because of the views taken.

Appellants further pleaded that the action for debt and foreclosure and that in trespass to try title are inconsistent, and moved the trial court to require appellee to elect upon which of its counts it relied for recovery.

When the case was tried, appellee elected to pursue its remedy of debt and foreclosure and openly announced to the trial court that a personal judgment was not sought against appellants, but merely the establishment of its debts and a foreclosure of its liens.

The case was tried to a jury, and after all evidence and testimony had been adduced, appellants made a written request for an instructed verdict in their favor as against appellee's right of debt and foreclosure. This was refused. The trial court charged the jury peremptorily to find for appellee on its cross-action and for a foreclosure of its liens as prayed for. And judgment was entered accordingly.

An appeal having been perfected to the Court of Civil Appeals at Dallas, the cause was by the Supreme Court transferred to this Court of Civil Appeals.

The record brought before us is unique in many respects. We find 35 assignments of error in appellants' brief, as well as 28 propositions. Not one assignment of error cites this court to any particular part or portion of the transcript of the record in which such assignment of error may be found, saving and except No. 23,

which refers to bill of exception No. 1; No. 24, which refers to bill of exception No. 2; and No. 25, which refers to bills of exception Nos. 3 and 4; but the place or places in the transcript where such bills of exception may be found are not mentioned.

The vice in appellants' brief, if we may be permitted to use such expression respectfully, and we assuredly do so, is made apparent when we disclose the condition of this record. In the first place, the judgment is a lengthy one. In it we find where appellants have excepted in five separate paragraphs to certain rulings and action of the trial court. We find that appellants filed a motion for a new trial which contains 9 separate and distinct paragraphs asserting reasons for a new trial. We find that appellants filed a motion to correct the judgment of the court which contains 12 separate and distinct paragraphs. The substance of these paragraphs are as follows: (1) The judgment is erroneous because it fixes a lien in favor of appellee for taxes paid, when there was no evidence introduced showing any taxes were paid. (2) The judgment is erroneous and irregular, if not wholly void, because it provides for a sale of the identical real estate twice on the same day under two separate liens. (3) The judgment is erroneous in that it provides for a sale of the personal property first before the sales of the real estate, thereby depriving appellants of their right to point out which property shall be sold first. (4) The judgment providing for the sale of the personal property first deprives the appellants of their chance to save the personal property in case the real estate brings enough to cover the amount of the judgment. (5) The judgment is erroneous in that it provides that the real estate shall be first sold in satisfaction of the second lien and afterwards to satisfy the first lien. (6) The judgment is erroneous in that it fails to provide for only one sale of the real estate and for application of the proceeds, first, to payment of costs; second, to payment of the first lien; third, to the payment of the second lien, and the balance, if any, to appellants. (7) The judgment is erroneous in that it established two separate and distinct liens on the same real estate in favor of the same party against appellants. (8) The judgment is erroneous in that it provides that the purchaser of the real estate under the receiver's sale of the second lien is cut off by a sale under the first lien. (9) The judgment provides for a sale of the property foreclosed upon by the receiver instead of by the sheriff, as provided by law. (10) The judgment is erroneous in that it fails to conform to the method provided by statute for the sale of personal property. (11) The judgment is erroneous in that it fails to dispose of defendant's second count, being the count in trespass to try title. (12) The provisions of the judgment for the sale of real estate and personal property are inequitable, unfair, unjust to appellants and to prospective purchasers, are contrary to the laws and statutes, and same should be rewritten, revised, set aside and re-entered during the present term of court in conformity with the correct rules of procedure.

This motion was overruled on the same day the motion for a new trial was overruled, and exception preserved.

In addition to these matters, we find that before the transcript was taken out by appellants, they, on October 2, 1935, filed 35 assignments of error with the clerk of the district court.

Thus it is plainly seen that there are 9 assignments of error in the motion for a new trial, 5 assignments of error preserved in the body of the judgment of the trial court, and 35 assignments of error prepared and filed by appellants in the trial court, making a total of 49 assignments of error, in addition to the 12 errors pointed out in the motion to correct and reform the judgment. And yet appellants have brought forward in their brief only 35 assignments of error without attempting to advise the Court of Civil Appeals where such assignments of error may be found in the record and from what part of the record these assignments of error are taken.

We do not believe that any appellate court in this state should be required, under a record such as is presented to us, to ferret out each separate and distinct assignment of error in order to ascertain whether or not it has a proper place in the appellant's brief and where in the record such assignment of error has been properly preserved.

We are fully aware of the fact that article 1844, of the Revised Civil Statutes, as amended by the Acts of the 42d Legislature in 1931, c. 75, § 1 (Vernon's Ann.Civ.St. art. 1844) provides that the

appealing party need not file assignments of error with the clerk of the court below, but that he may embody in his brief "all assignments of error, distinctly specifying the grounds on which he relies. * * * All errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the Court to the error complained of."

But we do not believe that the wholesome, substantial, and necessary rules for briefing causes on appeal have been changed in any material degree by this amended statute. And we are convinced that an appellant is as firmly bound under the present statute to present assignments of error which distinctly specify the grounds on which he relies as such party ever was before the statute was thus amended.

Rule 25, promulgated by the Supreme Court, defines a distinct specification of error, and concludes with the statement that it "must refer to that portion of the motion for a new trial in which the error is complained of."

These rules were prepared by the Supreme Court of Texas to the end that briefs would be helpful to the appellate courts in that the briefer is required to point out to the appellate court and to lead the appellate court to that particular portion of the record which contains the asserted error. There is nothing unreasonable or harsh in this rule when one considers that every record brought to an appellate court contains much matter that is not presented to the appellate court as showing error, and this rule and all other rules governing the briefing of cases in appellate courts are intended to shorten the labors of the appellate courts to the end that the appellate courts may quickly find and consider the errors presented and pass upon them with reasonable dispatch.

If rule No. 25 requires that an assignment of error based upon a portion of a motion for a new trial must refer to that portion of the motion in which the error is complained of, then it is equally certain that if any other error is raised by an appealing party which is not found in the motion for a new trial, but which is found in some other portion of the record, it ought with equal certainty to refer to that portion of the record in which the error complained of is found.

We do not believe that the appellate courts should "stalk the game and shoot it too." We are of opinion that it is the plain duty of the briefer to stalk the game and that when he has done so the appellate courts should fire the telling shot.

■ We are further aware of the fact, and we do not need to cite cases to support the statement, that an appealing party is not compelled to rely upon the assignments of error found in his motion for a new trial, but that he may abandon same and rely upon other errors. We are further aware of the fact that the appealing party may rely upon the assignments of error found in his motion for a new trial and upon other assignments of error in addition thereto. It is interesting to note that there is no statute in the state of Texas absolutely requiring a motion for a new trial to be filed in a cause that was tried to a jury or in any other trial. Article 2232, Vernon's Ann.Civ.St. provides: "New trials may be granted and judgments arrested or set aside on motion for good cause, on such terms as the court shall direct." This article further provides when the motion must be made after the rendition of verdict, that it be in writing, properly signed, and that it specify each ground on which it is founded, and that grounds not specified will not be considered, and, further, when it shall be determined by the trial court.

■■ We are aware of the fact that a trial court, during the term at which a cause has been tried, has the right on its own motion to grant a new trial. But we further find that by article 2233 not more than two new trials shall be granted either party in the same cause except when the jury "have erred in matter of law or been guilty of some misconduct." Thus it appears to us that while article 2232 does not in so many words require the filing of a motion for a new trial in a cause tried to a jury, nevertheless it should be construed to mean that if the trial court does not of its own motion see fit to set aside the verdict of the jury and the judgment of the court rendered thereon and to grant a new trial in such cause, but such trial court is satisfied with the verdict and the judgment, that then and under such circumstances the party complaining of such verdict and judgment must, in order to bring same to the attention of an appellate court when appeal is taken, set out in a motion for a new trial timely filed all assignments of error on which the appeal is predicated saving and except those errors which are classi-

fied as "fundamental errors apparent of record."

The new practice act which governs such counties as Dallas, simply changes the time in which a motion for a new trial may be filed and in which it must be passed upon by the trial court; but not otherwise does it repeal article 2232.

Appellee has pointed out to us many defects in appellants' brief and has answered subject only to the objections made. Specific objections are made to about 18 of the assignments of error and to about 17 of the propositions found in appellants' brief, and these objections seem well taken.

Appellants' brief contains 90 pages, the clerk's transcript contains 111 pages, the statement of facts contains 147 pages.

In Chicago, R. I. & G. Ry. Co. v. Pemberton, 106 Tex. 463, 161 S.W. 2, 168 S.W. 126, our Supreme Court has held that where the assignment of error contains a reference by number to the paragraph of the motion for a new trial where the same ground of error is presented, this is a substantial compliance with the rule, although the page in the transcript is not pointed out to show the location of the motion in the transcript; and in El Paso Elec. Ry. Co. v. Lee, 110 Tex. 494, 221 S.W. 254, our Supreme Court has held that where it is distinctly recited in the assignment of error that the particular complaint was made in the motion for a new trial, and as a part of the assignment the transcript page is given where such part of the motion may be found, the assignment of error substantially complies with the rule. But the briefer in the instant suit has made no effort to give us either of the "highway markers" referred to by our Supreme Court as sufficient to point the way, and we are left to grope through the entire transcript to find our way out.

Because of the manner in which this cause has been briefed by the appellants in violation of the rules for briefing cases, we respectfully decline to consider the assignments of error and the propositions found in the brief, and finding no fundamental error, the judgment of the trial court is by us affirmed.

Further we desire to say that if the abortive efforts on the part of our well-meaning legislators to simplify the trial of causes in the appellate courts have served to destroy the wholesome and necessary rules established by our Supreme Court for the purpose of expediting the examination of records on appeal and the reasonable dispatch of business, the members of this court wish to be so advised, and nothing would give us more pleasure than to have our splendid Supreme Court grant a writ of error in this cause and give to the bench and bar of this state a full and complete statement advising all of us which of its rules governing the proper briefing of cases in the appellate courts are now in full force and effect and which rules, if any, have been nullified by the act or acts of the Legislature.

Affirmed.

### On Motion for Rehearing.

The 1st assignment of error complains at the trial court overruling a general demurrer urged against appellee's cross-action; the 2nd complains of such action on the part of the trial court as to the demurrer urged against the first count in appellee's cross-action; the 3rd complains of the overruling of appellants' "special exceptions" (there were several such urged); the 4th complains of the overruling of appellants' "special exception set forth in paragraph 14" of appellants' "supplemental petition and answer"; the 5th complains of the overruling of a "special exception" set forth in "paragraph 15" of such pleading.

These five assignments of error, all being very general and not sufficient to show the appellate court how, or why, any error was committed by the trial court, are supported by one "proposition," which states in substance that the pleadings of the parties being thus and so, and the appellants having presented a "general demurrer and exceptions, the trial court was authorized to look to the entire record of the case in passing upon such demurrers, and if the amended pleading in cross-action was inconsistent with and in conflict with such record, the facts alleged in the cross-action, although on its face stating a good cause of action, are not to be taken as true, and it was fundamental error to overrule such demurrers and exceptions."

The five assignments of error, supra, are not sufficient for our consideration, and it is plainly evident that each is not supported by a "proposition" germane thereto.

The "proposition" advanced is clearly multifarious and deals with five

separate and distinct matters, and when analyzed does not state a distinct proposition of law, nor does it specify any distinct error committed by the trial court.

The 6th assignment of error complains at the overruling of appellants' motion to strike appellee's alternative count (in trespass to try title) because appellee had in its previous pleadings pleaded only for judgment on its debt with foreclosure of its liens, without claiming title to the property involved.

The 1st proposition supporting the assignment of error is a mere "abstraction" and makes no attempt to apply any principle of law (if there be one therein) to the case at bar. The 2nd proposition supporting the 6th assignment of error is couched in words that make it apply to the case at bar, but it states no error committed by the trial court, and does not pretend to disclose how, or why, the appellants were injured by the overruling of the motion to strike. In fact, in the statement of the nature and result of the suit, appellants disclose that this count was openly abandoned by appellee.

The 7th assignment of error complains of the overruling of appellants' motion to strike a portion of appellee's "first count," on the theory that the matters contained in such count (for debt and foreclosure) were adjudicated at the time the temporary injunction was dissolved. The supporting proposition is a mere "abstraction," which makes no attempt to apply the proposition of law (if any is stated) to the case at bar.

The 8th assignment of error complains of the overruling of appellants' motion to strike appellee's 1st count, because in procuring a judgment dissolving appellants' temporary injunction, appellee elected to foreclose its lien "by a trustee's sale outside of court." The supporting proposition is a mere "abstraction."

Under Lewis v. Powell (Tex.Civ.App.) 205 S.W. 737, and Pickard v. Reed (Tex. Civ.App.) 52 S.W.(2d) 274 (writ refused), neither the assignment of error nor the "proposition" states a "proposition of law."

The 9th assignment of error complains of the trial court overruling appellants' motion to strike from appellee's pleading all reference to foreclosure of the first lien, on the theory that such issue was adjudicated in the judgment dissolving appellants' temporary injunction.

The supporting proposition states no proposition of law disclosing error committed by the trial court, and the assignment of error states none.

The 10th assignment of error asserts that "the trial court erred in holding, in effect, that the defendant, Jefferson Standard Life Insurance Company, had a suit pending herein for the foreclosure of the first lien deed of trust, signed by Mrs. Pearl Davis, at the time of the foreclosure of said lien by the substitute trustee, on November 7, 1933, after the dissolution of the temporary injunction on September 30, 1933."

The supporting proposition is to the effect that the appellee having moved to dissolve the injunction and prayed only in the alternative for judgment for debt and foreclosure, and having induced the trial court to dissolve appellants' injunction, has waived and abandoned its count for debt and foreclosure.

Neither the assignment of error nor the proposition state a proposition of law for the Court of Civil Appeals to consider.

The 11th assignment of error complains because the trial court held "in effect, that the sale of the real estate * * * by the substitute trustee * * * was void because of the pendency of defendant's cross-action," asserting that the cross-action was disposed of and adjudicated when the judgment was entered dissolving the temporary injunction.

The supporting proposition merely attempts to show that a temporary injunction was issued enjoining a sale by the trustee, that appellee moved to dissolve the writ, and prayed only in the alternative for its debt and foreclosure of its lien, and obtained judgment dissolving the writ, that "all other matters pleaded in the alternative went out of the case, and there was no suit for foreclosure pending at the time of the trustee's sale thereafter."

Neither the assignment of error nor the proposition states a proposition of law for consideration.

The 12th assignment of error asserts that the trial court erred in holding "in effect," that the sale of the real estate by the trustee did not extinguish the deed of trust lien, and in allowing same to be foreclosed by judgment of court.

The supporting proposition simply asserts that the temporary injunction restraining the sale by trustee having been dissolved and the holder of the lien having no action in court pending for foreclosure at the time the trustee's sale was made, the court erred in holding that the lien was not extinguished by the trustee's sale, and in allowing the lien to be foreclosed by judgment.

Neither the assignment of error nor the supporting proposition state a proposition of law for consideration.

The 13th assignment of error asserts that the trial court erred in overruling appellants' motion to strike appellee's first count, seeking foreclosure of its two liens, because appellee owned both such liens at the time of the trustee's sale.

The supporting proposition is a mere "abstraction."

The 14th assignment of error asserts that the trial court erred in overruling appellants' motion to strike appellee's first count, because the foreclosure of the first lien had been waived and abandoned by appellee when it procured a dissolution of appellants' temporary injunction.

The supporting proposition is an attempt to enlarge upon the assignment of error. Neither states a proposition of law for consideration.

The 15th assignment of error asserts that the trial court erred in overruling the motion to strike the count last referred to, because by its action appellee has elected to foreclose by trustee's sale outside of court.

The supporting proposition asserts that the action of appellee amounts to an election.

Neither the assignment of error nor the proposition states a proposition of law for consideration.

The 16th assignment of error complains of the refusal of the trial court to grant appellants' motion for an instructed verdict because the undisputed evidence showed that the deed of trust lien had been foreclosed under the power of sale contained in the trust deed, by the substitute trustee.

The supporting proposition asserts that it having been shown by the undisputed and uncontradicted evidence that appellee had foreclosed its lien under the deed of

trust through a trustee's sale, at which appellee bid in the property, received a deed and placed same of record, "it was fundamental error for the court to overrule plaintiffs' motion for an instructed verdict for the plaintiffs as to another foreclosure of the same lien in court."

No attempt is made to show how any advantage was gained by appellee, through such sale, or how appellants were injured, or lost anything, or were placed at any disadvantage they would not have otherwise suffered, because of the judgment awarded by the trial court, or by reason of the sale.

Neither the assignment of error nor the proposition presents a proposition of law for consideration.

The 17th assignment of error complains of the trial court admitting in evidence a $30,000 note executed by one Mrs. Pearl Davis without requiring proof of its execution, the attention of the trial court having been called to the fact that Mrs. Davis was not a party to the suit, and the note was not signed by the appellants.

The 18th assignment of error is exactly like the 17th, but complains of the admission in evidence of the deed of trust securing the said note, for the same reason.

One proposition supports these two assignments of error. It is a mere "abstraction." Neither the assignments nor the supporting proposition present any proposition of law for consideration.

The 19th assignment of error complains of the admission in evidence of a power of attorney executed by R. F. Ellis to Mrs. L. F. Ellis, asserting that such instrument did not authorize Mrs. Ellis to execute certain notes, a deed of trust and a chattel mortgage.

The 20th complains of the admission in evidence of the $2,000 note, for the same reason.

The 21st complains of the admission in evidence of the second lien deed of trust, for the same reason.

The 22d complains of the admission in evidence of the chattel mortgage for the same reason.

These four assignments of error are supported by one "proposition." We copy it:

"Powers of attorney being strictly construed, it is error to admit such an instru-

ment in evidence, over objection, to prove the execution of an instrument purporting to have been executed under such power of attorney when it appears from the fact (face?) of such instrument that the power of attorney does not confer the power to execute the particular kind of instrument being offered in evidence."

The "proposition" is a mere "abstraction," as is plainly seen, but even if it should be considered as applying to the admission in evidence of several written instruments, it would be distinctly multifarious. But, it does not constitute a proposition of law. It makes no attempt to disclose how, or why, any party was injured by the admission in evidence of these several written instruments. It presents nothing for consideration by the court.

The 23d assignment of error complains of the exclusion of testimony offered by the witness, Mrs. Ellis.

The 24th complains of the exclusion of testimony offered by the witness Porter.

The two assignments of error are supported by one "proposition" which is a mere "abstraction."

The 25th assignment of error complains of the exclusion of testimony offered by the witness Mrs. Ellis.

It is supported by a "proposition" that is a mere "abstraction."

The 26th assignment of error asserts that the trial court erred in allowing judgment to be entered foreclosing the first lien deed of trust, after it was shown by undisputed evidence that such lien had been foreclosed through a trustee's sale.

The 27th is like the 26th, but refers to to the foreclosure of the second lien note.

The one "proposition" which supports these two assignments of error asserts that the undisputed evidence having shown that the first lien had been foreclosed at a trustee's sale by appellee, which owned both liens, it was error to provide in the judgment for the foreclosure of the second lien, it having been cut off by the first foreclosure.

It will be seen that the so-called "proposition" is not germane to the 26th assignment of error. Furthermore, no effort is made either in the assignments of error or in the "proposition" to show how, or why, appellants have been injured by the judgment of foreclosure. Nothing is presented for consideration.

The 28th assignment of error complains of the trial court entering judgment for foreclosure of the lien for taxes, because there was no evidence showing that appellee had paid any taxes.

The "proposition" supporting this assignment of error is a mere "abstraction."

The 29th assignment of error asserts as error the provisions of the judgment decreeing the sale of the real estate twice on the same day, to satisfy the first and second liens.

This assignment of error is supported by a proposition that is a mere "abstraction." But no effort is made to show how, or why, such judgment has injured appellants.

The 30th assignment of error is a restatement of the 29th, in different language.

It is supported by a proposition that is a mere "abstraction." But it does not attempt to show how, or why, appellants were injured by the decree.

The 31st assignment of error asserts that the trial court erred in not providing in the judgment that the real estate be sold once, and the proceeds be applied, first, to the payment of costs; second, to the payment of the first lien, and then to payment of the second lien, and the balance, if any, to appellants. The supporting proposition is a mere "abstraction." But it does not attempt to show how, or why, appellants are injured by the decree.

The 32d assignment of error asserts that the trial court erred in providing for the sale of the personal property, secured by a chattel mortgage, a secondary lien, before the sale of the real estate, which is the primary security. The supporting proposition makes no attempt to show how, or why, appellants were injured by the decree.

The 33d assignment of error asserts that the trial court erred in failing to provide in the judgment that appellee take nothing on its count in trespass to try title.

The proposition supporting this assignment of error is a mere "abstraction." But it does not attempt to show how, or why, the decree has injured appellants.

The above-mentioned proposition is followed by proposition No. 25. The briefer does not attempt to show which assignment of error it purports to support. It is a mere "abstraction," but asserts that it

is error to fail to require a plaintiff to elect which of two remedies he will pursue (debt and foreclosure of his liens, or in trespass to try title), at the beginning of the trial, instead of after all evidence has been heard. This "proposition" does not state a proposition of law for consideration, and it makes no attempt to show how, or why, appellants were injured in the premises.

The 34th assignment of error, which is too general for consideration, has been abandoned.

The 26th "proposition" is a mere "abstraction." The briefer says it is under assignment of error No. 32. It makes no effort to show how, or why, appellants have been injured by the judgment.

The 35th assignment of error asserts that the trial court erred in overruling appellants' motion to correct the judgment. It is supported by a "proposition" that is a mere "abstraction."

Following such "proposition" is proposition No. 28, which is likewise a mere "abstraction." Neither the assignment of error, nor either of the two "propositions" attempts to show how, or why, appellants have been injured by the overruling of the motion to correct the judgment.

In the statement of the nature and result of the suit, appellants admit that a personal judgment for debt was not taken against them, but was waived by appellee, and that judgment was entered only establishing the debts, with foreclosure of the several liens held by appellee.

Thus it appears that no excess judgment can possibly be had by appellee against appellants, regardless of what the property may bring at the sale, or sales.

There is not so much as one assignment of error, or one so-called "proposition" that attempts to disclose how, or why, the appellants have been or even can be injured by the decree entered in this cause.

May we respectfully advise the bar that if they will brief their cases just as they did before any attempt was made to amend articles 1757 and 1844 (Rev.St.), such briefs will meet with the enthusiastic approval of every appellate court in Texas.

And may we further advance the thought that the proper "mechanics" of briefing causes was neither changed nor disturbed by the amended statutes, and that the simple, wholesome, and necessary rules for briefing causes on appeal are still in full force and effect.

We are fully aware of the fact that as early as the year 1893, our Supreme Court in the case of Clarendon Land Investment Agency Co. v. McClelland et al., 86 Tex. 179, 23 S.W. 576, 1100, 22 L.R.A. 105, has pointed out the difference between a "general" assignment of error that is sufficient, and one that specifically gives the "reasons" why error was committed. In that opinion the court has said that certain assignments of error may be classified as "general" and yet be sufficient, but it is made plain that any such "sufficient general assignments" should be supported by a "proposition" pointing out the "reasons" why the assignment shows error committed by the trial court. Obviously, this is necessary. Were this not made a requisite of correct briefing, the appealing party could assign as error the giving of a charge, or portion of a charge, over his objection, and assign reasons which were not urged in the trial court, without pointing out where in the record the error was urged. Under such circumstances the appellate court would be compelled to search the entire transcript to ascertain whether or not any such error was preserved below.

Any criticism of a charge not made to the trial court is waived, unless the charge shows "fundamental error."

It is idle to say that the matter we have just discussed would be exposed in the appellee's brief.

The burden of appeal is upon the appellant, and every appellate court to which a cause is appealed is duty bound to consider the appealing party's brief first, and only turns to the appellee's brief to ascertain what, if anything, is advanced in answer to the appellant's contentions.

Is it not apparent that the appellant's brief should contain assignments of error which are propositions of law within themselves, or such general assignments as may be considered, supported by propositions of law germane thereto, and that, as a part of each assignment, or subjoined thereto, accurate reference should be made to the part of the record where the proceedings complained of may be found? The cases of Chicago, R. I. & G. Railway Co. v. Pemberton and El

Paso Electric Railway Co. v. Lee, by our Supreme Court, cited in our original opinion, so hold, and we will follow them.

Twenty years ago this court, in Perry Bros. v. McNeill, 189 S.W. 120, laid down the rule that briefs before this court must substantially comply with the rules for briefing, if they are to be considered.

The court as it is now constituted asks no more. We want briefs that will shorten our labors. Such may be easily prepared, regardless of the number of questions presented.

The motion ·is overruled.

### On Motion for Leave to File Second Motion for Rehearing.

There being nothing new in the conclusions filed by us in overruling the motion for a rehearing, no new or changed ruling or opinion appearing therein, and the conclusions serving only to specifically point out the matters ruled upon in the original opinion, to permit the filing of and the necessity for reviewing a second motion for rehearing amounts to no more than pyramiding motions for the purpose of delaying the time within which applications for writs of error may be presented. This our Supreme Court has not only justly frowned upon, but has specifically announced cannot be done. ·

We see no reason for a second motion for rehearing, and the motion for leave to file same is overruled.