### FRUGE v. JAMES et al.

#### No. 3278.

Court of Civil Appeals of Texas. Beaumont.

April 14, 1938.

D. F. Sanders and J. A. Veillon, both of Beaumont, for appellant.

Gordon, Lawhon, Sharfstein & Bell, of Beaumont, for appellees.

WALKER, Chief Justice.

On the 2d day of October, 1936, appellees, James & Baxter, were repairing a brick building in the city of Port Arthur, Jefferson county, that abutted upon a paved alley, running across the block from Waco street to Austin street. This was a public alley, used by the public generally and by the tenants of the abutting buildings. To remove the waste brick from the second story of the building appellees constructed a chute

from a window in the second story across the alley to the pavement on the opposite side from the building. Occasionally, a brick would be thrown from, or would fall out of, the chute. Appellees had given permission to A. W. Gentz to remove a truck load of brick from the foot of the chute, where they accumulated in the alley. Appellant, Noah Fruge, an employee of Gentz, on the morning of the 2d of October drove his truck into the alley for the purpose of picking up the brick. He parked his truck in the alley, and, under instructions from his employer, started to walk to appellees' office in the first floor of the building under repair, for advice and instructions about loading the brick. When a few feet from the door of the building, and about eight feet from the chute, under which he had driven his truck, he was struck in the mouth by a brick that was either thrown out of a window in the second story of the building by one of appellees' employees, or fell, or was knocked out, of the chute as the brick moved down the chute from the second story. This suit was brought by appellant against appellees for the damages suffered by him from being struck by the brick.

For cause of action he alleged, generally, the facts as stated above, and that one of appellees' employees "threw a brick from the second story," and that the brick struck him on the mouth and face, inflicting upon him serious and permanent personal injuries. He charged that appellees were guilty of negligence in throwing the brick, in failing to keep a proper lookout to see that he was on the ground, in failing to give him warning, and in failing to have a cover or top on the chute. The jury found that appellant was struck by a brick "thrown" from the second story of the building by one of appellees' employees, and that "throwing the brick" was negligence and a proximate cause. of appellant's injuries; and that the failure to have a guard or cover on top of the chute was also negligence and a proximate cause of appellant's injuries. The other issues of negligence were found in favor of appellees. Appellant's damages were assessed at $450.

In defense appellees pleaded that appellant was guilty of negligence in failing to see the particular brick which struck him, and that he had ample time to determine that a brick was falling from the second story to the ground. These issues were found by the jury against appellees, that is, the jury found that appellant did not fail to use ordinary care to see the particular brick which struck him, and that he did not have "ample time to determine that a brick was falling from the second story."

Appellant had actual knowledge that bricks were moving from the second story of the building down the chute, as he approached the rear door of the building to go to appellees' office. On this theory of the evidence appellees requested, and the court submitted, the following issues of contributory negligence, found by the jury in their favor and against appellant: (a) Appellant failed to keep a proper lookout to determine where the "bricks" were falling. (b) He remained "in close proximity to where the bricks were falling." (c) While the bricks were falling, he should have removed himself to a place of safety; this was found by the jury to be not only a proximate cause, but also the sole proximate cause.

The jury also found, on issues requested by appellees, that appellant was not guilty of negligence in failing to inquire "whether or not the lowering of the bricks would be stopped within a reasonable time so that he might with safety complete his mission"; and that he was not guilty of negligence in failing to ascertain "that the lowering of the bricks would be interrupted and that by waiting a short time he could pass the chute in safety."

On the theory that the findings on the issues of contributory negligence constituted a bar to appellant's cause of action, judgment was entered against him on the verdict of the jury.

We overrule all assignments of error attacking the findings of the jury as being without support in the evidence.

By assignments of error appellant suggests irreconcilable conflicts in the jury's verdict on the issues of contributory negligence. We overrule appellees' exceptions that these assignments are too general and too-indefinite. Conflicts in the jury's verdict constitute fundamental error and must be reviewed by the court, even without assignments of error or suggestion by the appellant of fundamental error. Indemnity Insurance Company v. Kelley, Tex.Civ. App., 44 S.W.2d 756.

The jury found that one of appellees' employees threw the brick out of the window, that struck appellant, and not that it fell out of the window or was thrown out of the chute. In this respect the verdict of the jury followed appellant's petition. All acts of contributory negligence pleaded by

appellees against appellant, as they related to the brick that struck him—the brick that was thrown out of the window—were found by the jury in his favor. We are unable to see how his negligence in failing to keep a proper lookout for bricks that might have fallen out of the chute, or in remaining in close proximity to where bricks were falling out of the chute, or that he failed to remove himself out of danger from the falling bricks could bar a recovery for damages suffered by him by reason of being struck by a brick thrown from the window. That brick was not in the chute, and did not fall out of the chute, and was not one of the bricks "falling out of the chute." A careful examination of the court's charge and of the jury's verdict convinces us that the jury had clearly in its mind the distinction between appellant's negligence as it related to the brick that struck him, and as it related to the bricks moving down the chute. On the findings appellant was not guilty of contributory negligence in relation to the brick that struck him in the face.

But appellant was in the danger zone of appellees' operations. The jury found that being in the danger zone was the sole proximate cause of his injuries. This finding conflicts with the finding that appellees' negligence in throwing the brick out of the window was a proximate cause of appellant's injuries. It also conflicts with every other finding of negligence in the case, whether against appellees or against appellant.

The court submitted to the jury the issue of unavoidable accident, and without objection by either party received its verdict without an answer to that question. Appellant cannot complain of this action by the court for the first time on appeal. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270; Ellis v. Ins. Co., Tex.Civ.App., 99 S.W.2d 953. Again, the issue is one of defense, and the jury's failure to answer it did not prejudice his rights in any way. Patterson v. Ry. Co., Tex.Civ.App., 77 S.W.2d 1073; Greaber v. Coca-Cola Bottling Works, Tex.Civ.App., 98 S.W.2d 1028.

We overrule appellees' contention that appellant was a mere licensee on their premises. The doctrine of licensee has no application to the facts of this case. Appellant was not injured on appellees' premises but in a public alley over which they had no control. Texas-Louisiana Power Co. v. Webster, 127 Tex. 126, 91 S.W.2d 302. Again, if it be conceded that appellees had

exclusive control over the alley, which they did not have, yet appellant was in the due course of his employment, invited there by appellees, through their contract with Gentz to remove the brick. On this statement he was an invitee and not a licensee. Bustillos, v. Southwestern Portland Cement Co., Tex. Com.App., 211 S.W. 929.

In view of the conflicting findings appellant was not entitled to a judgment against appellees; nor were appellees entitled to a judgment against appellant on their theory of contributory negligence.

This simple tort action was submitted on seventy-one special issues—what a commentary on our civil procedure!

It follows that the judgment of the lower court should be reversed and the cause remanded for a new trial, and it is accordingly so ordered.

Reversed and remanded.