

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 3, 1947

Hon. LeVern I. McCann          Opinion No. V-447
County Attorney
Hockley County                 Re:  Taxability of land
Levelland, Texas                    purchased for a coun-
                                    ty poor farm but pres-
                                    ently leased or rented
                                    to third parties

Dear Madam:

      You have requested an opinion from this De-
partment as to the taxability of certain land owned by
Hockley County. Your request advises us of the follow-
ing facts:

      "In 1928 Hockley County bought a
labor of land containing 177 acres, for
a County Poor Farm. There is not and
never has been any houses or improvements
on the farm. The land has been leased
and rented for agricultural purposes and
also leased to an oil company for the de-
velopment and production of oil and at
this time there are three producing oil
wells on the farm. All the income deriv-
ed from the land in question, whether
from agriculture or oil production, has
been turned into the General Charity Fund
of the County and has never been used for
any other purpose.

      "The farm is located in the Level-
land Independent School District and has
been placed on the 1947 tax rolls of the
District. The County and School are anx-
ious to know their legal position in the
matter and the taxes will be paid or the
farm will be removed from the district's
tax rolls as soon as an opinion can be had
from your department."

      "The property of counties . . . <u>owned and
held only for public purposes</u> . . ." is absolutely

exempt from taxation by virtue of Article XI, Section 9 of the Constitution of the State of Texas.  (Emphases added throughout this opinion).  A. & M. Consolidated School District v. City of Bryan, Texas, 143 T 348; 184 S.W. (2) 914.  Likewise, in pursuance to the power conferred by Article VIII, Section 2 of the Constitution (". . . but the Legislature may, by general laws, exempt from taxation public property used for public purposes. . . ."), the Legislature enacted Section 4 of Article 7150, V.C.S., exempting "all property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof. . ."  This provision has been held operative as "an exercise of all the power the Legislature had," valid to that extent, and declaratory of an exemption for "public property used for public purposes. . . ."  City of Abilene v. State, 113 S. W. (2) 636.  Section 6 of Article 7150, V.C.S., reads as follows:

> "Poor-houses.--All lands, houses and other buildings belonging to any county, precinct or town, used exclusively for the support or accomodation of the poor."

Thus it is apparent that if the county had accomplished its initial purpose of establishing a poor farm on the land here involved, said land would now be exempt from taxation.  The question is whether the present leasing and renting of the land to third parties prevents its coming within any of the various categories of exemption above set out.

We are not advised as to whether or not Hockley County still plans to utilize the land for a poor farm. If, in fact, there has been no abandonment of the purpose for which the land was originally bought, it is tax exempt.  City of Abilene v. State, 113 S.W. (2) 631; State v. City of Beaumont, 161 S.W. (2) 344.  We enclose a copy of Opinion O-4285 of this Department, which discusses these cases in detail in connection with a consideration of the tax exemption of certain city property.  Likewise this opinion states and adheres to the converse of the rule: i.e., tax exemption cannot be accorded property which is not used for public purposes or held in furtherance of a present intention to devote said property to a specific public purpose even though the public is benefited indirectly through funds derived from the property. The Opinion also distinguishes the cases which have dealt with situations in which the property stood as a substi-

tute for a special fund from the fact situation there under consideration in which the property was held for the benefit of a park fund. We view the distinction there drawn as applicable to the facts of this case, and you are therefore advised that if Hockley County no longer holds the land for a specific public purpose, it is subject to taxation. Section 6 of Article 7150, previously quoted, does not change this result. Even if the language of this section were construed to include the revenue derived from county-owned income producing property and used exclusively for the support of the poor, (and we do not think this construction the correct one), such inclusion would be an attempt to exempt public property regardless of its use and ineffective by reason of being in excess of the exemptive powers conferred by Article VIII, Section 2. City of Abilene v. State, 113 S.W. (2) 631.

Of course a determination of the exemption status of the land owned by the county has no effect on the taxation of the estate held by the owners of the oil lease; for "since the ordinary form of oil and gas lease passes to the lessee an interest in real property, he is liable for the tax thereon to the extent of the grant." 31 Tex. Jur. § 452 and authorities cited therein. Therefore, the owners of the oil lease from the county are liable for and hold their estate subject to all taxes imposed on their estate by the State, county, School District, and any other taxing unit having jurisdiction to impose a tax thereon.

## SUMMARY

Land purchased for a county poor farm is exempt from taxation if there has been in fact no abandonment of the intention to use the land for such purpose even though part of the land is presently leased for agricultural purposes and part for the production of oil. City of Abilene v. State, 113 S.W. (2) 631; State v. City of Beaumont, 161 S.W. (2) 344. If there is no present intention to devote the property to a specific public purpose, the fact revenue derived from the property goes to the General Charity Fund of the county is not sufficient to exempt the land from taxation. Opinion 0-4285. The estate created by the oil lease from the county is subject to taxation by the State, county,

School District and any other taxing unit
having jurisdiction to impose a tax thereon;
and the lessee is liable for such taxes to
the extent of the grant.  31 Tex. Jur. §
452.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Marietta Creel
Mrs. Marietta Creel
Assistant

MC/jcp/lh

APPROVED:

Price Daniel
ATTORNEY GENERAL